J-S06027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA FREEMAN | : | |
| | : | |
| Appellant | : | No. 845 EDA 2020 |

Appeal from the Judgment of Sentence Entered March 11, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0000969-2019

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 26, 2021**

Appellant Joshua Freeman appeals from the judgment of sentence imposed following his convictions for failure to register with the Pennsylvania State Police and verify address or be photographed.[1]  On appeal, Appellant challenges the weight of the evidence supporting his convictions.  We affirm.

We briefly summarize the relevant facts and procedural history of this case.  On January 31, 2017, Appellant pled guilty to indecent assault of a minor less than thirteen years of age[2] and was required to register as a Tier III sex offender for life pursuant to Subchapter H of the Sexual Offender

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 4915.1(a)(1) and (2), respectively.

[2] 18 Pa.C.S. § 3126(a)(7).

Registration and Notification Act (SORNA II).[3]  Accordingly, Appellant must appear in person, either at a Pennsylvania State Police barracks or a state parole office, on a quarterly basis to verify his residential address and to be photographed.

Between February 2017 and January 2019, Appellant appeared in person on thirteen occasions at a Pennsylvania State Police barracks or a state parole office to update his information in the Sex Offender Registry Terminal (SORT).  N.T. Trial, 1/7/20, at 105-08; Commonwealth's Ex. 3.  On each occasion, Appellant "checked boxes and placed his signature indicating acknowledgement that he 'must appear in person within three business days at any approved registration site to notify the Pennsylvania State Police of . . . any change in residence . . . .'" Trial Ct. Op., 10/7/20, at 5.  Agent Benjamin Groves of the Pennsylvania Board of Probation and Parole (Agent Groves) reiterated this registration requirement in text messages to Appellant.  N.T. Trial at 120-27; Commonwealth's Ex. 8.

In January 2019, Appellant relocated to a new address in Northampton County but did not update his address by registering the information in person on the Sex Offender Registry Terminal (SORT).  On January 4, 2019, Agent Groves visited Appellant at his new address, allegedly indicating to Appellant that he was "all good now" with regard to his supervision requirements.  N.T.

---

[3] 42 Pa.C.S. §§ 9799.10-9799.42.  SORNA is also known as Act 29.  **See Commonwealth v. Torsilieri**, 232 A.3d 567, 574 (Pa. 2020).

Trial at 161, 168, 175-76. However, Appellant interpreted Agent Groves' comment to mean he satisfied his reporting requirements as well. *Id.* at 188. Because of this, Appellant did not update his address by registering the information in person, either at a Pennsylvania State Police barracks or a state parole office, on SORT.

On January 25, 2019, Appellant was charged with failure to register with the Pennsylvania State Police and failure to verify address or be photographed. The trial court appointed James M. Connell, Esq., as Appellant's trial counsel, and on January 7, 2020, a jury convicted Appellant on both counts.

Even though Appellant was still represented by Attorney Connell, he filed a *pro se* notice of appeal on March 3, 2020, prior to sentencing. At the sentencing hearing on March 11, 2020, the trial court questioned why Appellant filed a *pro se* notice of appeal while he was still represented by Attorney Connell. N.T. Sentencing H'rg, 3/11/20, at 2. Attorney Connell responded that he "[e]xplained to [Appellant] that [the *pro se* notice of appeal] was untimely, [and] that [he would] be filing one for [Appellant] after sentencing." *Id.* (some formatting altered). Ultimately, the trial court sentenced Appellant to consecutive sentences of twelve to twenty-four months' imprisonment on each charge resulting in an aggregate sentence of twenty-four to forty-eight months of incarceration. The trial court verbally advised Appellant of his post-sentence rights at the conclusion of the sentencing hearing, and Appellant executed a written colloquy. *Id.* at 11-13; Colloquy, 3/11/20.

However, Appellant did not file a post-sentence motion or subsequent notice of appeal, and Appellant's premature *pro se* appeal remained pending in this Court. As of June 2020, Appellant failed to file a docketing statement in this Court. On June 22, 2020, this Court noted Appellant's failure to file a docketing statement, vacated the existing briefing schedule, and remanded this matter to the trial court to (1) determine whether Attorney Connell abandoned Appellant and (2) take any further action to protect Appellant's appellate rights. Order, 6/22/20.

On July 17, 2020, the trial court held a hearing to determine whether Attorney Connell had abandoned Appellant. At the hearing, Appellant informed the trial court that he wished to move forward with Attorney Connell as his appellate counsel. N.T. Abandonment H'rg, 7/17/20, at 2. Appellant also stated that

> from my understanding, Your Honor, I [filed the *pro se* notice of appeal] too early, so you said that Mr. Connell needed to file one for me after the fact, because I did it before the sentencing was actually completed. So that's why Mr. Connell was supposed to re-file it, I guess.

*Id.* at 3. Attorney Connell responded "when [Appellant] filed [the *pro se* notice of appeal], I did not follow through. I guess that's why [this Court] is asking whether I had abandoned the client." *Id.* at 4. Given that Appellant expressed his continued desire to be represented by Attorney Connell, Attorney Connell said he would represent Appellant in subsequent proceedings. *Id.* at 4-5.

- 4 -

On July 17, 2020, the trial court filed an order and informed this Court that Appellant was not abandoned by Attorney Connell. The parties and the trial court did not discuss the need to file post-sentence motions to preserve Appellant's issues on appeal.

On August 28, 2020, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed an untimely Rule 1925(b) statement on October 6, 2020, in which he, *inter alia*, asserted that the verdict was against "the weight of the evidence and law."[4] On October 7, 2020, the trial court filed a responsive opinion pursuant to Rule 1925(a).[5]

On appeal in the instant matter, Appellant raises one issue for our review:

> [Was] the verdict against the weight of the evidence and the weight of the law in this matter?

Appellant's Brief at 1 (formatting altered).

_____

[4] In his Rule 1925(b) statement, Appellant raised an additional issue regarding the excessiveness of his sentence. However, he does not argue this issue in his appellate brief, and therefore, it is waived. **See Commonwealth v. Felder**, 247 A.3d 14, 20 (Pa. Super. 2021) (stating, "an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived" (citation omitted and formatting altered)).

[5] We decline to find waiver based on the untimely Rule 1925(b) statement. **See Commonwealth v. Brown**, 145 A.3d 184, 186 (Pa. Super. 2016); **see also Commonwealth v. Burton**, 973 A.2d 428, 432-33 (Pa. Super. 2009) (*en banc*) (explaining that an untimely filing of Rule 1925(b) statement by counsel is *per se* ineffectiveness and addressing the merits of the issue presented on appeal).

Appellant contends that "the jury failed to take into consideration the reasonable assumption by [Appellant] that he was compliant with the registration requirements." *Id.* at 5. Therefore, Appellant argues that "[t]he jury's verdict in this matter is against the weight of the evidence and the weight of the law as [Appellant] was informed that he had complied with all of the requirements of Act 29 by his Parole Agent."[6] *Id.* at 3.

The Commonwealth responds that Appellant is not entitled to relief on his weight of the evidence claim. Commonwealth's Brief at 8. First, it asserts that Appellant waived his weight of the evidence claim, as he did not properly preserve the issue by raising the issue orally before sentencing, in a written motion before sentencing, or in any post-sentence motion. *Id.* at 9-10. Second, even if this Court addresses the issue on its merits, the Commonwealth maintains that the trial court did not abuse its discretion, as the verdict was supported by "credible evidence" from the record. *Id.* at 13-14.

Before considering Appellant's issue, we must consider whether we have jurisdiction in this appeal. *See Commonwealth v. Baio*, 898 A.2d 1095, 1098 (Pa. Super. 2006) (explaining that questions regarding this Court's

---

[6] We note that Appellant initially frames his claim as a challenge to the sufficiency of the evidence. Appellant's Brief at iii. However, as Appellant's challenge goes to the weight of the evidence, he necessarily concedes that the evidence is sufficient to sustain the verdict. *See Commonwealth v. Bennett*, 827 A.2d 469, 481 (Pa. Super. 2003) ("A motion for [a] new trial on the grounds that the verdict is against the weight of the evidence concedes that there is sufficient evidence to sustain the verdict . . . .").

jurisdiction may be raised *sua sponte*). As noted above, Appellant's *pro se* notice of appeal was filed prematurely and did not identify a specific order being appealed. Furthermore, Attorney Connell did not withdraw Appellant's premature *pro se* notice of appeal or file a counseled notice of appeal after the trial court entered the judgment of sentence.

It is well settled that a criminal defendant is not permitted to engage in hybrid representation by submitting *pro se* filings while represented by counsel. **See Commonwealth v. Willis**, 29 A.3d 393, 400 (Pa. Super. 2011). Therefore, as general rule, a *pro se* filing submitted by a counseled defendant is a legal nullity. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007).

"When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016). Accordingly, a *pro se* document filed by a counseled defendant generally will not toll the time for taking an appeal. **See id.** (citing Pa.R.Crim.P. 576 cmt.). However, this Court has also recognized an exception to the ban on hybrid representation, namely where a counseled defendant may act on his own behalf to protect important rights where counsel remains technically attached to the case but is no longer serving his client's interest. **See id.** at 624.

Here, the proper procedure would have been for Appellant's counsel to file a notice of appeal following the judgment of sentence. Although the trial

court noted the premature filing of Appellant's *pro se* notice of appeal at the sentencing hearing, **see** N.T. Sentencing H'rg at 2, it nonetheless directed Appellant to file a Rule 1925(b) statement after the subsequent abandonment hearing even though Attorney Connell failed to file a separate and counseled notice of appeal or any post-sentence motions. Therefore, despite the premature, hybrid filing status of Appellant's *pro se* notice of appeal, it appears that the trial court, by implication, determined it was a timely filing. Moreover, because it appears that counsel did not properly serve Appellant's interest, we decline to quash this appeal. **See Williams**, 151 A.3d at 623-24.

Next, we must consider whether Appellant has properly preserved his weight of the evidence claim for appellate review. Although the trial court did not address waiver in its Rule 1925(a) opinion, the Commonwealth asserts in its brief that Appellant did not properly preserve the issue by raising the issue orally before sentencing, in a written motion before sentencing, or in any post-sentence motion. Commonwealth's Brief at 10. It is well settled that an appellant must raise a weight of the evidence challenge "with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A) (some formatting altered); **see also Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009) (holding that although the appellant "included an issue challenging the verdict on weight of the evidence grounds in his [Rule] 1925(b) statement and the trial

court addressed [the appellant's] weight claim in its Pa.R.A.P 1925(a) opinion[, the appellant] did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion" (citations omitted and formatting altered)).

Here, our review reveals that although Appellant raised his weight of the evidence claim in his Rule 1925(b) statement, he did not properly preserve the issue by raising it at any point prior to sentencing or in a post-sentence motion. *See* Pa.R.Crim.P. 607(A); *Sherwood*, 982 A.2d at 494. Consequently, we are constrained to agree with the Commonwealth that Appellant has waived his weight of the evidence claim for appellate review. *See Sherwood*, 982 A.2d at 494.

Even if Appellant properly preserved his challenge to the weight of the evidence, it merits no relief. The standard of review governing a challenge to the weight of the evidence is well settled.

> [T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the [trial] court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa. Super. 2012) (citation omitted).

Moreover,

[w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa. Super. 2012) (citation omitted).

Based on our review of the record, we discern no abuse of discretion by the trial court in rejecting Appellant's contention that the verdict was against the weight of the evidence. *See Shaffer*, 40 A.3d at 1253. The trial court addressed Appellant's claim at length in its Rule 1925(a) opinion, stating

The jury . . . heard [Appellant's] testimony that he interpreted Agent Groves' indication that [Appellant] was "good" to mean that he was "perfectly fine within the parameters" and that he didn't need to do anything further with respect to his registration requirements. However, the jury also heard Agent Groves specify that when he said [Appellant] was "all good" that it was "with regard to [Appellant's] supervision," which is wholly distinct from [Appellant's] obligations under Act 29.

Moreover, the jury was faced with ample evidence demonstrating [Appellant's] knowledge of his registration requirements and his failure to satisfy these requirements, despite being reminded on numerous occasions. The jury was presented with the testimony of Pennsylvania State Police Trooper Matthew Villano along with Commonwealth's Exhibit 3, which set forth [Appellant's] registration requirements under Act 29 and identified over a dozen instances of [Appellant] appearing in person to verify his registration requirements and be photographed.

\* \* \*

- 10 -

Specifically, on each of these occasions, [Appellant] checked boxes and placed his signature indicating acknowledgment that he "must appear in person within three business days at any approved registration site to notify the Pennsylvania State Police of any of the following . . . any change in residence [or] any change in employment . . . . On each occasion, [Appellant] also signed an acknowledgement of the penalties of noncompliance, including that "[a] failure to provide complete and accurate information when registering will subject you to arrest and felony prosecution . . . ."

\* \* \*

The jury found the ample testimony and direct evidence of [Appellant's] knowledge of his registration requirements as well as his noncompliance with said requirements credible and found him guilty of both charges. That the jury was not persuaded by [Appellant's] testimony that he believed he was "all good" does not shock the [conscience], based on, *inter alia*, the number of times [Appellant] was confronted with his specific obligations under Act 29. Thus, the verdict was not contrary to the weight of the evidence.

Trial Ct. Op. at 4-6 (citations omitted and some formatting altered).

Further, the record reflects that the trial testimony of Agent Groves and Trooper Villano was not so unreliable and/or contradictory as to make the verdict mere conjecture. *See **Bowen***, 55 A.3d at 1262.

In sum, because Appellant failed to properly preserve his challenge to the weight of the evidence, he waived his only issue on direct appeal. Further, even if we were to consider Appellant's claim on the merits, we would conclude that there was no abuse of discretion by the trial court. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/26/2021</u>