J-S48005-20

2021 PA Super 21

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :             PENNSYLVANIA
                                        :
             v.                        :
                                        :
                                        :
HAKIEM FELDER                  :
                                        :
             Appellant              :    No. 2994 EDA 2019

Appeal from the Judgment of Sentence Entered May 9, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0002227-2018.

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

OPINION BY KUNSELMAN, J.:               **FILED FEBRUARY 17, 2021**

     Hakiem Felder appeals from the judgment of sentence imposing three to six years' incarceration, following his non-jury conviction of three violations of the Uniform Firearms Act.[1] Felder and the Commonwealth believe after-discovered evidence necessitates a new trial. However, because the trial court acted within its discretion when it denied the new-trial request, we affirm.

     The trial court related the following facts:

>      On December 30, 2017, at around 11:00 p.m., Philadelphia Police Officer Michael Schmidt and his partner, Officer Marc Marchetti, were on patrol . . . Officer Schmidt observed [Felder] look in the direction of the officers' police car and then make a motion as if he were removing a silver-covered object from his waistband. [Felder] then went behind a car, at which time Officer Schmidt heard what

---

[1] 18 Pa.C.S.A. § 6105 (possessing a firearm when prohibited), 18 Pa.C.S.A. § 6106 (carrying without a license), and 18 Pa.C.S.A. § 6108 (carrying a firearm on the streets of Philadelphia).

sounded like a metallic object hitting the ground. Whatever the object was, it made a sound when it hit the pavement.

[Next,] Officer Marchetti stopped the patrol car, and Officer Schmidt began a conversation with [Felder] about a recent fight. While Officer Schmidt spoke to [Felder], Officer Marchetti went to look for the object [Felder] appeared to drop. He returned shortly thereafter and indicated that he had recovered a handgun loaded with nine rounds. The officers then placed [Felder] under arrest. Once inside the patrol car, [Felder] volunteered that the officers could not have heard the gun hit the ground, because there was snow on the ground.

Trial Court Opinion, 5/18/2020, at 1-2.

At trial, both of the officers testified that they observed Felder remove something from his waistband and both of them heard a metal object hit the ground. *See* N.T., 2/27/19, at 9, 18-19, 20, 26, 31-32. Officer Marchetti also heard Felder confess to dropping the gun. *See id.* at 30-31. "While we were seated in the vehicle, [Felder] stated as a blurt – utterance – he said, 'There's no way you could've heard that; it hit the sidewalk; there's snow on there." *Id.*

The trial court found Felder guilty of three firearms offenses. Thereafter, the Commonwealth realized it failed to disclose 2018 court records that could have weakened Officer Schmidt's credibility. The Commonwealth described those records, from two unrelated cases, as follows:

in April 2018 and September 2018, judges in two separate cases had found that both Officer Schmidt and [another officer] had testified incredibly about what led them to stop and search two individuals in unrelated incidents in March 2017. At the time of trial, those decisions were in the Commonwealth's possession, but the prosecuting district attorney was unaware of them.

In the first case, Officer Schmidt and his then-partner, Officer Edward Wright, both testified that, while on patrol on March 2, 2017, they were able to smell the strong scent of fresh marijuana emanating from a vehicle. Officer Schmidt testified that he was able to smell that odor through the windows of their patrol car from approximately two house-lengths away (or 30 feet). In an unpublished order, a judge of the Court of Common Pleas determined that both officers had given incredible testimony and that they "could not, and did not, detect the odor of marijuana emanating from the" vehicle. Order at 2-3, ***Commonwealth v. Dill***, CP-51-CR-0002316-2017 (C.P. Philadelphia May 9, 2018).

In the other case, Officer Schmidt and Officer Wright testified that, while on patrol on March 11, 2017, they had both "noticed a man crouch behind the passenger side of a parked car after looking toward the officers as they drove past." The officers testified that, after they stopped to investigate, they "could immediately smell the odor of fresh marijuana coming from inside the vehicle." In an unpublished memorandum opinion, a U.S. District Judge concluded that both officers had again testified incredibly. The court wrote that "several factors led it to that conclusion: the inconsistency and embellishment of the officers' testimony; a previous adverse credibility finding against both officers in [***Dill***, ***supra***]; and the unlikeliness of the officers' ability to smell the marijuana, given its packaging, weight, and location in the car." Mem. Op. at 2-3, 12, ***United States v. Harrison***, No. 17-228 (E.D. Pa. Sept. 17, 2018).

Promptly after learning of the two decisions, the assistant district attorney disclosed them to [Felder's] counsel by phone call and e-mail.

Commonwealth's Brief at 4-7 (some punctuation and citations omitted).

Based on the 2018 court records, Felder moved for extraordinary relief pursuant to Pennsylvania Rule of Criminal Procedure 704(B). Specifically, he sought a new trial due to after-discovered evidence. The trial court denied Felder's motion and sentenced him as described above.

- 3 -

This timely appeal followed.

Felder raises one issue on appeal. He asks this court:

> Should the trial court have granted . . . extraordinary relief in the interest of justice, when [he] and the Commonwealth learned after trial, but prior to sentencing, that [Officer Schmidt] had been deemed to be non-credible by one state and one federal judge?

Felder's Brief at 4.

A criminal defendant seeking to assail a guilty verdict and retry a case with after-discovered evidence must clear four hurdles. He must convince the trial court "that the evidence (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted." ***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa. Super. 2010). "The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." ***Id.***

If the trial court does not grant a new trial, the four hurdles become even harder to clear on appeal due to our scope and deferential standard of review.[2] Nearly a century ago, the Supreme Court of Pennsylvania stated that

---

[2] "The bar continually struggles with what these terms mean, as well as with ascertaining and applying the appropriate standard and scope of review to a given issue on appeal." Jeffery P. Bauman, *Standards of Review and Scopes of Review in Pennsylvania — Primer and Proposal*, 39 Duq. L. Rev. 513 (2001).

the implications of after-discovered evidence "are *peculiarly* within the discretion of the trial court." *Simmons-Boardman Pub. Co. v. Am. Boron Prod. Co.*, 128 A. 511, 511 (Pa. 1925) (emphasis added). Hence, when reviewing such matters, our standard of review is "an abuse of discretion." *Padillas* at 361. "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable; where the law is not applied; or where the record shows that the action is a result of partiality, prejudice, bias, or ill will." *Id.*

Felder's motion for extraordinary relief sought a new trial. "The scope of review of a decision to grant [or to deny] a new trial is dictated by whether the trial court has set forth specific reasons for its decision or leaves open the possibility that reasons in addition to those stated support the award of a new trial." *Commonwealth v. Widmer*, 744 A.2d 745, 750 (Pa. 2000). If the trial court's decision "leaves open the possibility that reasons exist to support its decision in addition to those actually stated, an appellate court will undertake a broad review of the entire record." *Id.* "However, where the trial court indicates that the reasons stated are the only basis for which it ordered a new trial, an appellate court must confine the scope of its review to the

---

*See also* Aldisert, WINNING ON APPEAL (1996). Unfortunately, these words remain as true today as they did 20 years ago. Felder claims our standard of review for the denial of a new trial based on after-discovered evidence is "an in-the-interests-of-justice standard." Felder's Brief at 2. And he asserts our scope of review is "the record." *Id.* Neither of those things is a standard or scope of review. Professor Bauman's article sets forth a clear understanding of these critical terms and how they can guide the practitioner in framing an effective appellate argument.

stated reasons." ***Id.*** "A review of a denial of a new trial requires the same analysis as a review of a grant." ***Harman ex rel. Harman v. Borah***, 756 A.2d 1116, 1122 (Pa. 2000) (citing ***Widmer***).

Here, the trial court relied on different portions of the record to analyze three of the four prongs of the after-discovered evidence test. It then gave specific and distinct reasons for denying Felder a new trial at each of the three prongs. Thus, as discussed below, our scope of review mirrors what the trial court examined when it decided each prong.

First, the trial court found that Felder could have obtained the evidence prior to trial. The court explained that the 2018 cases predated Felder's trial and "there is nothing in the record indicating that the evidence was solely in the possession of the Commonwealth or that the defense could not have discovered it by exercising due diligence." Trial Court Opinion, 5/18/2020, at 4. Thus, the trial court reviewed the whole record and found it devoid of any proof to establish the first prong. Because the trial court relied on the whole record when deciding the first prong, our scope of review for the first prong is plenary. **See *Widmer*, *supra***.

Regarding the third prong,[3] the court examined the after-discovered evidence and Felder's stated purpose for seeking a retrial based upon it. As such, our scope of review for the third prong of the test is limited to the 2018

---

[3] The trial court did not analyze the second prong. Presumably, the trial court concluded that Felder had satisfied it.

court records themselves and Felder's proposed purpose for them: impugning the credibility of Officer Schmidt. **See Widmer**, **supra**.

Lastly, the trial court explained that the 2018 court records would have had no impact on the verdict, even if Felder had presented them at trial. Both officers were deemed credible, and "Officer Marchetti presented testimony sufficient by itself to sustain [the] verdict." Trial Court Opinion, 5/18/2020, at 4. Hence, as to this prong, the trial court limited its consideration to the testimony of the two officers. Accordingly, our scope of review for the fourth prong is limited to the officers' testimony.

With our scope of review for each prong in mind, we turn to Felder's arguments. Felder asserts the "trial court abused its discretion and violated the interests of justice standard" by denying him a new trial. Felder's Brief at 8. However, he does not explain which type of abuse of discretion (misapplication of law, manifest unreasonableness, or prejudice) he thinks occurred. **See Padillas**, 997 A.2d at 363. Instead, he extensively reproduces **Padillas** and then requests a new trial by repeating the arguments he made below, as if we review such matters *de novo*. Felder's Brief at 8-14. Conspicuously absent is any link between this argument and the abuse-of-discretion standard of review. **See Padillas**, 997 A.2d at 361. Thus, Felder does not contend – much less persuade us – that the trial court abused its discretion when applying any prong of the after-discovered-evidence test.

The Commonwealth also advances two arguments for granting Felder a new trial. It similarly ignores our limited role as an error-correcting, appellate court.

First, like Felder, the Commonwealth disregards our deferential standard of review and simply argues that, in its view, the trial court erred. Rather than explain how the trial court abused its discretion in applying the four-pronged test for after-discovered evidence, the Commonwealth disagrees with the trial court's judgment at each step. "The first, second, and fourth prongs are satisfied in this case," the Commonwealth asserts. Commonwealth's Brief at 10. Also, "Under the third prong, appellate courts have recognized certain limited exceptions where impeachment evidence can require a new trial, and the specific facts at issue warrant making such an exception in this case." *Id.* at 10-11.

Notably, the Commonwealth agrees with the trial court that the "after-discovered evidence here would be used solely for impeachment purposes." *Id.* at 11. However, it requests that this Court apply a limited exception to the third prong of the after-discovered-evidence rule. The Commonwealth relies on two factually distinguishable cases. In one case, only a single witness testified for the prosecution at trial, and the Commonwealth expressly rejected that witness's credibility on appeal. *Id.* at 12 (citing *Commonwealth v. Williams*, 215 A.3d 1019 (Pa. Super. 2019). In fact, in *Williams*, the Commonwealth avowed not to call that witness in the future. In the other,

the Commonwealth's key witness recanted. *Id.* (citing ***Commonwealth v. McCracken***, 659 A.2d 541 (Pa. 1995)).

Here, two witnesses testified to Felder's unlawful possession of the firearm. Neither has recanted. Thus, the facts supporting the limited exception to the third prong were not present in this case. Moreover, nothing in the Commonwealth's brief indicates that the trial court abused its discretion by applying the general rule, rather than the limited exception to the prohibition on after-discovered evidence being used for impeachment.

Both the Commonwealth and Felder improperly argue the alleged trial-court error. They attempt to litigate the after-discovered-evidence issue on appeal *de novo*, as if this Court could simply substitute its judgment for that of the trial court. But this Court has no authority to second guess a ruling committed to the sound discretion of the trial court. ***See Padillas***, ***supra***; ***see also Simmons-Boardman Pub. Co.***, ***supra***. After-discovered evidence is "peculiarly" a question in the trial court's discretion, because that court is uniquely positioned and qualified to appraise the reliability of the original trial and the proposed evidence's impact upon it. ***Id.*** at 511.

Curiously, the Commonwealth's second argument for reversal does ***not*** raise a trial-court error. Instead, the Commonwealth would have us reverse based on ***its own*** procedural error. According to the Commonwealth, it violated the Constitution of the United States, as applied in ***Brady v. Maryland***, 397 U.S. 742 (1970), and Pennsylvania Rule of Criminal Procedure

573(B)(1)(a), by not divulging the 2018 court records.  **See** Commonwealth's Brief at 15-18.

Whether the Commonwealth violated **Brady** or the procedural rule is not before us on this appeal.  We remind the Commonwealth that this Court does not directly review the conduct of prosecutors.  Instead, under **Brady**, its progeny, and the Rules of Criminal Procedure, we review **the trial court's appraisal** of prosecutorial acts or omissions, and whether those actions warrant a new trial.

Our scope of review — and our appellate authority — extends to trial-court errors that an appellant has alleged.  Our scope of review does not reach the errors of a party, even where, as here, the government is a party and it confesses constitutional violations.  Pennsylvania has a right-for-any-reason doctrine that permits us to expand our scope of review to affirm the trial court on any basis.  However, Pennsylvania lacks the corollary doctrine of basic and fundamental error which would allow us to correct egregious errors that an appellant or his counsel has overlooked.  **Compare Commonwealth v. Hamlett**, 234 A.3d 486, 489 (Pa. 2020) (holding that Superior Court's *sua sponte* finding of harmless error to affirm criminal convictions is part of the right-for-any-reason doctrine) **with Commonwealth v. Clair**, 326 A.2d 272, 273 (Pa. 1974) (prohibiting invocation of the basic-and-fundamental-error doctrine in criminal matters; stating that such matters are more properly resolved through the post-conviction-relief process).

In this case, the trial court did not decide if the Commonwealth violated *Brady* or the Rules of Criminal Procedure, because Felder did not raise those issues in his 1925(b) Statement. Additionally, he did not cite *Brady* or the rules of procedure in his appellate brief. **See** Felder's Brief at iii, 4. "Issues not presented in the [*appellant's*] Statement of Questions Involved portion of a brief will not be considered. Pa.R.A.P. 2116(a). Also, an issue identified on appeal but not developed *in the appellant's brief* is abandoned and, therefore, waived." **Commonwealth v. Heggins**, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) (emphasis added). Because Felder, as the appellant, has not raised the issues of whether the Commonwealth violated *Brady* or the Pennsylvania Rules of Criminal Procedure in this Court, we may not reach them during this direct appeal. *Clair* forecloses this possibility, as do the rules of waiver. Felder waived any *Brady*-violation claim on appeal.

Turning to the trial court's decision that the after-discovered evidence at issue did not warrant a new trial, we recall that the four-prong "test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Padillas*, 997 A.2d at 363. If the trial court did not abuse its discretion regarding any of the three prongs upon which it relied to deny Felder a new trial, we must affirm. **See id.** We need only address the trial court's analysis of the third prong of the test, as it is dispositive.

Under the third prong, the party seeking a new trial must prove to the trial court that the after-discovered evidence would "not be used solely to

impeach the credibility of a witness . . . ." **Id.**, 997 A.2d at 363. The trial court found that the 2018 court records, upon which Felder based his motion for a new trial, would only impeach the credibility of Officer Schmidt. As mentioned, the Commonwealth agrees. **See** Commonwealth's Brief at 11.

Counsel for Felder admitted this below. He told the trial court that, if the Commonwealth filed a motion *in limine* to exclude the records at a retrial on the grounds of relevance, then Felder would meet the objection on "the issue of credibility." N.T., 5/9/2020, at 10. Indeed, this was the only answer counsel could give; otherwise, the 2018 court records would be irrelevant. **See** Pennsylvania Rule of Evidence 401.

The trial court's judgment that Felder's motion for extraordinary relief did not meet the third prong of the after-discovered-evidence test interpreted the law and Rule of Evidence 401 correctly. Moreover, that judgment is well reasoned. Finally, there is no claim or anything of the record to establish that the judgment was the product of bias, prejudice, or ill will. In short, no abuse of discretion occurred.

Thus, we may not usurp the trial court's discretional ruling that Felder does not deserve a new trial based on after-discovered evidence. We dismiss his sole appellate issue as meritless.

Judgment of sentence affirmed.

Judge McCaffery joins the Opinion.

Judge King concurs in the result.

- 12 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/17/2021*