**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUIS RAGLAND | : | |
| | : | |
| Appellant | : | No. 875 EDA 2020 |

Appeal from the Judgment of Sentence Entered May 7, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000892-2017

BEFORE:   KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED OCTOBER 27, 2021**

Appellant Marquis Ragland appeals *nunc pro tunc* from the judgment of sentence imposed after he entered a negotiated guilty plea to aggravated assault and firearm-related offenses.[1]  Appellant claims that the trial court erred in denying his motion to withdraw his plea.  We affirm.

The relevant procedural history of this appeal follows.  The Commonwealth charged Appellant with numerous offenses for the July 18, 2016 shooting of Stanley Furlong (complainant).  An off-duty police officer witnessed the shooting and apprehended Appellant.  N.T., 5/7/18, at 14.  The complainant suffered a fractured rib from the shooting.  *Id.* at 17.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a), 6105, 6016, and 6108, respectively.

On May 7, 2018, Appellant, who was represented by appointed counsel (plea counsel), entered a negotiated guilty plea after he completed a written plea colloquy and an on-the-record colloquy. The plea agreement included a sentencing recommendation for an aggregate term of six to twenty years' imprisonment. That same day, the trial court accepted Appellant's plea and imposed the agreed-upon sentence.[2]

The docket reflects that the trial court appointed new counsel to represent Appellant the day after the guilty plea hearing. On May 17, 2018, private counsel (post-sentence counsel) entered his appearance on Appellant's behalf, and the trial court scheduled a motions hearing.[3]

On June 20, 2018, the trial court convened a hearing at which Appellant appeared with post-sentence counsel. The trial court noted that Appellant wanted to withdraw his plea and asked post-sentence counsel to question Appellant to establish a record. N.T., 6/20/18, at 3.

_____

[2] The sentencing order included fees and costs of $760 but did not order fines. *See generally Commonwealth v. Snyder*, 251 A.3d 782, 796-97 (Pa. Super. 2021) (distinguishing legality-of-sentence challenges to court fines, which require consideration of a defendant's ability to pay, and mandatory costs, which may be imposed without an ability-to-pay hearing).

[3] The trial court states that it "is unaware of any written post-trial motion filed by any counsel for Appellant, including a motion to reconsider sentence or a motion to withdraw Appellant's guilty plea." Trial Ct. Op., 1/5/21, at 2 n.2 (formatting altered). The trial court notes that "having been informed by [A]ppellant's counsel that [A]ppellant was dissatisfied with his agreement to enter into the negotiated guilty[,]" the court placed this matter on the "hearing list without the necessity of a filing a formal written motion." *Id.* at 8 n.5.

Post-sentence counsel initially indicated that he was "adverse to Appellant's position to seek a reduction of sentence." *Id.* at 4. Post-sentence counsel stated that he informed Appellant that a reduced sentence "was impossible." *Id.* Post-sentence counsel asked the court whether he should continue as counsel, and the court responded:

> I would like you to represent him at this point and then we can make a decision about the withdrawal of the guilty plea. Certainly, you give him your best legal advice, but he could also I guess tell us what his issues are so we can have a complete record and then go from there.

*Id.*

Post-sentence counsel examined Appellant and elicited Appellant's acknowledgments that Appellant's wife retained post-sentence counsel, that Appellant intended to seek a reduced sentence, but that post-sentence counsel advised Appellant that "it was impossible to get what [Appellant] wanted." *Id.* at 6. Post-sentence counsel did not question Appellant regarding any other bases for withdrawing his guilty plea. *See id.*

The trial court also asked Appellant about his reasons for seeking a withdrawal of his guilty plea, and Appellant responded, "For a reduction in time." *Id.* at 8. The trial court further asked: "So what you're asking me for is -- you're not saying you didn't know what you were doing. What you're telling me is you just want a lower sentence; is that right?" *Id.* at 10. Appellant answered, "Yes." *Id.* at 11.

At the conclusion of the June 20, 2018 hearing, the trial court entered an order denying Appellant's post-sentence request to withdraw his guilty plea. Appellant did not file a direct appeal.

Appellant timely filed a *pro se* Post Conviction Relief Act[4] (PCRA) petition in December 2018. The PCRA court appointed present counsel to represent Appellant. Appellant filed an amended PCRA petition that requested the reinstatement of his direct appeal rights but not his post-sentence motion rights.[5] On February 20, 2020, the PCRA court reinstated Appellant's direct appeal rights.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive Rule 1925(a) opinion concluding that Appellant failed to establish manifest injustice to withdraw his plea. Trial Ct. Op. at 9-10.

Appellant raises the following issue for our review:

Whether Appellant's motion to withdraw his plea of guilty offers a fair and just reason for rescinding Appellant's plea and withdrawal can be accomplished without substantial prejudice to the Commonwealth?

_____

[4] 42 Pa.C.S. §§ 9541-9546.

[5] A PCRA petitioner is not automatically entitled to reinstatement of his post-sentence rights when the PCRA court reinstates his direct appeal rights. *Commonwealth v. Liston*, 977 A.2d 1089, 1094 (Pa. 2009). Rather, the petitioner must plead and prove that the ineffective assistance of counsel resulted in the deprivation of his right to file and litigate post-sentence motions. *Id.* at 1094 n.9; *Commonwealth v. Fransen*, 986 A.2d 154, 158 (Pa. Super. 2009).

Appellant's Brief at 7.

Appellant discusses the pre-sentence standard for withdrawing his guilty plea and argues that the record contains several grounds to permit the withdrawal of his guilty plea. *Id.* at 13-15. Appellant alleges that his plea counsel and post-sentence counsel were ineffective and that plea counsel coerced him to enter his plea.[6] Appellant also challenges the factual basis of his plea.[7] Further, Appellant contests the complainant's credibility.[8] Appellant acknowledges that he agreed to the on-the-record plea colloquy but maintains that "he did not fully understand said plea." *Id.* at 14-15. Appellant concludes that the trial court abused its discretion in denying his motion to withdraw his guilty plea. *Id.* at 16.

The Commonwealth notes that because Appellant sought to withdraw his guilty plea after sentencing, his discussion of the pre-sentence standard

_____

[6] *See* Appellant's Brief at 14-15 (stating that post-sentence counsel "just focused on why [Appellant] could not receive a lower sentence," that plea counsel informed Appellant the Commonwealth "would 'screw' him over if he did not take the plea deal, that plea counsel "did not have all the facts to formulate 'any' defense strategy," that plea counsel did not advise him that his negotiated plea would limit his direct appeal claims, and that plea counsel was aware Appellant has "extreme trouble reading, writing, and comprehending basic English" and did not have "a chance to have any deal or pretrial materials explained or broken down to him").

[7] *See id.* at 14 (arguing that the complainant's injuries did not constitute serious bodily injury).

[8] *See id.* at 14-15 (alleging that the complainant attempted to "blackmail" him, failed to appear for court, and "was given a favorable deal to testify against Appellant" after the complainant was arrested on other charges).

for withdrawing a plea is inapt. Commonwealth's Brief at 8. The Commonwealth adds that Appellant waived his arguments concerning an assertion of innocence and plea counsel's coercion of his plea because Appellant did not preserve them in the trial court. *Id.* at 11. In any event, the Commonwealth argues that (1) the trial court ensured Appellant's plea was knowingly, intelligently, and voluntarily entered, (2) the trial court properly addressed Appellant's motion to withdraw his guilty plea at the June 20, 2018 hearing, and (3) Appellant failed to establish his plea was involuntary. *Id.* at 8-9, 11, 13.

It is well settled that

the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny[9] since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.

Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes

_____

[9] In **Commonwealth v. Broaden**, 980 A.2d 124 (Pa. Super. 2009), this Court described the less stringent standard and noted that "prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for any fair and just reason, provided there is no substantial prejudice to the Commonwealth." **Broaden**, 980 A.2d at 128 (citation and quotation marks omitted).

a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

***Commonwealth v. Hart***, 174 A.3d 660, 664-65 (Pa. Super. 2017) (citations and footnote omitted and formatting altered).

"In order to preserve an issue related to a guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468-69 (Pa. Super. 2017) (citations omitted and formatting altered). Pennsylvania Rule of Criminal Procedure 720 requires that a defendant file a post-sentence motion within ten days of sentencing and specify the grounds for relief. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i), (B)(1)(c). The failure to raise an objection that allows the trial court to correct an error at the first opportunity results in waiver. ***Monjaras-Amaya***, 163 A.3d at 469 (concluding that the appellant waived a challenge to his guilty plea when he raised his claim for the first time in a Rule 1925(b) statement).

Initially, we conclude that Appellant has waived his challenges to his guilty plea. Appellant did not object to his guilty plea colloquies or seek to withdraw his plea before sentencing. ***See*** N.T., 5/7/18, at 4-17. The record lacks any indication that Appellant filed a motion to withdraw his plea after sentencing, and the trial court notes that it is unaware of any formal post-sentence motion being filed. ***See*** Trial Ct. Op. at 2 n.2. Moreover, Appellant did not file, or seek leave to file, post-sentence motions *nunc pro tunc* in

conjunction with the reinstatement of his direct appeal rights. Therefore, Appellant has not preserved his claims for appellate review. *See Monjaras-Amaya*, 163 A.3d at 469.

To the extent the trial court considered Appellant's testimony at the June 20, 2018 hearing as a post-sentence motion, we note that Appellant failed to raise any of the claims that he argues on appeal. As noted above, Appellant only challenged the negotiated sentence at the June 20, 2018 hearing, and he raised no other grounds for withdrawing his guilty plea. *See* N.T., 6/20/18, at 8, 10-11. Accordingly, the only issue preserved for this appeal is Appellant's request for a reduced sentence, which he does not argue in this appeal. *See Commonwealth v. Felder*, 247 A.3d 14, 20 (Pa. Super. 2021) (stating that "an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived").

In any event, Appellant has failed to demonstrate any basis for relief. Because Appellant neither objected to the colloquy nor moved to withdraw his plea prior to sentencing, his appellate claims rely on the wrong "fair and just" standard. *See* Appellant's Brief at 13; *see generally Broaden*, 980 A.2d at 128-29. Moreover, Appellant's argument that he did not understand the nature of his plea lacks support in the record and contradicts the written and on-the-record plea colloquies.[10] *See Hart*, 174 A.3d at 664-65; *see also*

_____

[10] Aside from the issue of waiver discussed above, Appellant's arguments concerning the effectiveness of counsel are not generally cognizable in a direct
*(Footnote Continued Next Page)*

***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (noting that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy").

For these reasons, we discern no basis to disturb the trial court's conclusion that Appellant did not establish manifest injustice to withdraw his plea after sentencing. ***See Hart***, 174 A.3d at 664-65; ***see also Monjaras-Amaya***, 163 A.3d at 469. Therefore, Appellant is not entitled to relief.

Judgment of sentence affirmed.

_____

appeal. ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002). Although our Supreme Court has recognized limited exceptions permitting this Court to consider claims of ineffectiveness of counsel in a direct appeal, none apply here. ***See Commonwealth v. Holmes***, 79 A.3d 562, 563-64 (Pa. 2013) (recognizing exceptions to ***Grant*** where (1) there are extraordinary circumstances in which trial counsel's "ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice" or (2) "there is good cause shown" and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence); ***Commonwealth v. Delgros***, 183 A.3d 352, 361 (Pa. 2018) (permitting courts "to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review"). Therefore, we have not considered Appellant's ineffectiveness claims in this appeal.

*Judgment Entered.*

_Joseph D. Seletyn, Esq._
_Prothonotary_

*Date: 10/27/2021*