J-S05040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LISANDRO PRIETO-SANDOVAL | : | |
| | : | |
| Appellant | : | No. 1059 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 25, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002460-2020

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                **FILED JULY 06, 2022**

Appellant Lisandro Prieto-Sandoval appeals from the Judgment of Sentence imposed following jury convictions of nine sexual offenses committed against a child under thirteen years of age.  Appellant challenges the legality of the mandatory minimum sentence imposed for his two convictions of Involuntary Deviate Sexual Intercourse ("IDSI").[1]  After careful review, we vacate Appellant's IDSI sentences and remand for resentencing.

_____

[1] 18 Pa.C.S. § 3123(b) provides:

> **Involuntary deviate sexual intercourse with a child.--**A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age.

In addition to two counts of IDSI, the jury convicted Appellant of one count of Rape of a Child, one count of Aggravated Indecent Assault,
*(Footnote Continued Next Page)*

We need not reiterate the facts underlying Appellant's convictions to address the issue raised in this appeal. In sentencing Appellant on the two IDSI counts, the court applied the mandatory minimum sentence of 10 years' incarceration currently provided in 42 Pa.C.S. § 9718. *See* Tr. Ct. Op., dated 9/28/21, at 12 (acknowledging that it was "taking into consideration the mandatory minimum sentences applicable to, *inter alia*, the IDSI counts."). Appellant filed a post-sentence motion challenging the discretionary aspects of his sentence, which the court denied. Appellant timely appealed.

In his Pa.R.A.P. 1925(b) Statement, Appellant raised the imposition of a mandatory minimum sentence of ten years' incarceration imposed on each of the two IDSI convictions. Subsequently, the court filed a Pa.R.A.P. 1925(a) Opinion indicating, *inter alia*, that it would "invoke its inherent power to correct this obvious and patent error by vacating the sentence and re-sentencing on October 14, 2021, unless the Superior Court directs otherwise." Tr. Ct. Op. at 1 n.1.

On October 14, 2021, the trial court held a hearing[2] at which the Commonwealth conceded that it had erroneously requested, and the court had erroneously imposed, a mandatory minimum of ten years' incarceration for each IDSI conviction. Appellant's Br., Appx C at 2. *See also* Amended

_____

three counts of Indecent Assault, one count of Unlawful Contact with a Minor (sexual offenses), and one count of Corruption of Minors.

[2] Neither the transcript from the October 14, 2021 resentencing hearing nor the court's resentencing order is part of the certified record. Appellant has annexed a copy of a transcript of the proceeding to his brief as Appendix C.

Criminal Information, dated 2/26/21, at 1 (indicating that the mandatory minimum provided in 42 Pa.C.S. § 9718 applies to IDSI convictions). The court agreed that it had erred, vacated the sentence imposed on June 25, 2021, and imposed the same sentence on each conviction, except with respect to the IDSI convictions. For each of the IDSI convictions, the court imposed a term of six to twelve years' incarceration. The aggregate sentence remained the same at 17 to 64 years' incarceration.

Appellant presents the following question for our review in his brief:

> Was the mandatory minimum sentence set forth at 42 Pa.C.S. § 9718 illegal as applied to either count of involuntary deviate sexual intercourse, as the offenses occurred between 2015 and July 2019, and the version of the statute in place during that time was held unconstitutional by **Commonwealth v. Wolfe**, 130 A.3d 651 (Pa. 2016)?

Appellant's Br. at 9.[3]

Initially, we note that issues challenging the imposition of a mandatory minimum sentence implicate the legality of sentence and cannot be waived. **Commonwealth v. Hawkins**, 45 A.3d 1123, 1130 (Pa. Super. 2012). "Our standard of review over such questions is *de novo* and our scope of review is plenary." **Id.** (citation omitted)

---

[3] In his Rule 1925(b) Statement, Appellant also asserted a challenge to the sufficiency of the evidence supporting his IDSI convictions. He has not raised that issue for our review. The issue is, thus, abandoned and waived. **See Commonwealth v. Felder**, 247 A.3d 14, 20 (Pa. Super. 2021) (stating that "an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived." (citation and emphasis omitted)).

At the time that Appellant committed his IDSI crimes, Section 9718 of the Sentencing Code directed courts to impose a mandatory minimum 10-year sentence upon an individual convicted of committing IDSI on a child under 16 years of age. 42 Pa.C.S. § 9718(a)(1).[4] In Section 9718(c), the legislature directed the sentencing court to determine "[t]he applicability of this section," *i.e.*, whether the victim was less than 16 years old at the time of the offense. However, in ***Alleyne v. United States,*** 570 U.S. 99 (2013)*,* the United States Supreme Court held "that any fact which, by law, increases the mandatory minimum sentence for a crime must be: (1) treated as an element of the offense, as opposed to a sentencing factor; (2) submitted to the jury; and (3) found beyond a reasonable doubt." ***Commonwealth v. DiMatteo***, 177 A.3d 182, 184 (Pa. 2018) (citing ***Alleyne***, 570 U.S. at 115-16).

As a result of ***Alleyne***, our Supreme Court found 42 Pa.C.S. § 9718(a)(1) to be unconstitutional and Section 9718(c) non-severable. ***Wolfe***, 140 A.3d at 663.[5] The court further stated that

_____

[4] 42 Pa.C.S. 9718 was initially enacted in 1995. The legislature subsequently amended the statute three times between 2004 and 2014 without changing the portion relevant to this appeal.

[5] In 2018, in an Opinion Announcing the Judgment of the Court ("OAJC"), our Supreme Court emphasized that "the legal analysis of ***Wolfe*** is directed to mandatory minimum sentencing provisions that prescribe aggravating facts," and opined that ***Wolfe*** "should have said . . . more precisely [that] 'Section 9718*(a)(1)* is irremediably unconstitutional on its face, Section 9718(c) is non-severable, and Section 9718(a)(1) is void.'" ***Commonwealth v. Resto***, 179 A.3d 18, 22 (Pa. 2018) (*OAJC*) (citation omitted; italics in original; some

*(Footnote Continued Next Page)*

"a sentence based on an unconstitutional statute that is incapable of severance is void." *Id.* at 661. *See also Commonwealth v. McIntyre*, 232 A.3d 609, 618 (Pa. 2020) ("[A] statute held unconstitutional is considered void in its entirety and inoperative as if it had no existence from the time of its enactment.") (citation omitted)).

In its Rule 1925(a) Opinion, the trial court acknowledged that it lacked the authority to sentence Appellant to the mandatory minimum on the IDSI offenses because the applicable sentencing statute was void.

> The unlawful sexual conduct in this case occurred between January of 2015 and July of 2019, during the time when the prior version of [Section] 9718 was in effect. That prior version of [Section] 9718 was found to be unconstitutional by our Supreme Court in *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016). The present version of [Section] 9718 was not effective until December 18, 2019, which was after the criminal conduct in the present case occurred. Thus, there was no constitutionally valid statute prescribing a mandatory minimum sentence for the crime of [IDSI] with a child for the time period of Appellant's conduct. Because application of the present version of [Section] 9718 would be a retroactive application of the statute, raising an *ex post facto* prohibition . . . the court concludes the sentences imposed on counts 2 and 3 are illegal sentences.

Tr. Ct. Op. at 12 (footnotes omitted).

Based on the case law cited above, we agree that the trial court did not have the authority to impose the mandatory minimum sentence. Accordingly,

---

brackets omitted). *Resto* did not overrule *Wolfe*. *Id*. at 23-24 (Todd, J., concurring).

the mandatory minimum sentences imposed for the IDSI convictions were illegal and must be vacated.

In his conclusory paragraph, Appellant asks this Court to affirm the trial court's October 14, 2021 resentencing order. While we agree with the court's conclusion that its IDSI sentences were illegally imposed, we may not simply affirm the court's resentencing order because the court no longer had jurisdiction to enter such an order.

"[A] court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, *if no appeal from such order has been taken or allowed.*" 42 Pa.C.S. § 5505 (emphasis added). Our rules of appellate procedure provide that after an appeal is taken, the lower court "may no longer proceed further" but "may take such action as is necessary to preserve the *status quo*, correct formal errors in papers relating to the matters, cause the record to be transcribed, approved, filed, and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal[.]"). Pa.R.A.P. 1701(a), (b)(1).

However, "under limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes[]", such as "mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the

record[.]" ***Commonwealth v. Klein***, 781 A.2d 1133, 1135 (Pa. 2001) (citation omitted). The Court has further defined the phrase "patent and obvious mistake" as "a fact apparent from a review of the docket without resort to third-party information." ***Commonwealth v. Holmes***, 933 A.2d 57, 66 (Pa. 2007). Thus, where "the error of the sentence was clear from the order and the docket sheet, the trial court properly exercised its inherent power to correct the mistake." ***Id***.

Here, the court's resentencing hearing and order was not merely to correct "a patent and obvious mistake." The illegality of the sentence is not obvious and cannot be resolved from a simple review of the docket. Moreover, the issue is not "otherwise ancillary to the appeal;" it *is* the appeal

Since Appellant had filed his notice of appeal, and the court's error cannot be characterized as "patent and obvious," the trial court had no authority to vacate its original sentencing order. Its resentencing order is, thus, null and void. ***See Commonwealth v. Morris***, 771 A.2d 721, 735 (Pa. 2001) (stating that "[w]here a court is without jurisdiction it is without power to act and thus, any order that it issues is null and void."). This Court is without authority to affirm what is essentially a non-existent order.

In conclusion, the trial court imposed an illegal mandatory minimum sentence for Appellant's IDSI convictions. Because the illegality was not patent and obvious, the trial court lacked authority to alter that sentence after Appellant filed his notice of appeal and its October 14, 2021 resentencing

order is a legal nullity.  We are, thus, constrained to vacate the June 25, 2021, Judgment of Sentence and remand for resentencing.

Judgment of Sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/06/2022