J-A07008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LOUISE A. CARAFA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANK N. CARAFA | : | |
| | : | |
| Appellant | : | No. 1622 EDA 2022 |

Appeal from the Order Entered June 20, 2022
In the Court of Common Pleas of Delaware County Civil Division at N
CV-2009-015174

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 12, 2023**

Appellant, Frank N. Carafa ("Husband"), appeals from the August 3, 2022 order[1] entered in the Delaware County Court of Common Pleas that denied his April 8, 2021 Petition for Special Relief and granted attorney's fees to Appellee, Louise A. Carafa ("Wife").  Upon review, we affirm.[2]

Husband and Wife have been involved in highly contentious and litigious divorce proceedings since 2009 when the parties separated after thirty-five years of marriage, and Wife filed a divorce complaint.  The trial court entered an equitable distribution order on November 16, 2016, and a final divorce decree on June 27, 2017.  On April 10, 2019, Wife filed a Petition to Distribute

---

[1] The order is dated August 2, 2022, but the court did not docket the order until August 3, 2022.

[2] Wife's March 8, 2023 Motion for Leave of Court to File Sur Reply Brief is granted and we accept the Sur Reply Brief filed on March 8, 2023.

the Marital Estate and, on June 26, 2019, the court entered an Agreed Order for Distribution.

On July 9, 2019, Husband filed a Petition for Special Relief to Vacate or Set Aside Final Equitable Distribution Order. On February 24, 2021, after a hearing on the petition, the trial court denied the petition and found that Husband "has failed to present a scintilla of evidence to substantiate his continued allegations of fraud in connection with the Equitable Distribution Hearing held in September 2016 and the Final Equitable Distribution Order, dated November 16, 2016 in this matter, despite this Court having given him ample opportunity to do so." Trial Ct. Op., dated 8/1/22, at 1-2 (citing N.T. 6/8/20 at 67, 70, 107).

On April 8, 2021, Husband filed the instant Petition for Special Relief once again challenging the equitable distribution order and asserting fraud. Wife filed an Answer and Counterclaim, requesting attorney's fees. After a hearing, the trial court denied Husband's petition and ordered Husband to pay Wife's attorney's fees.

Husband timely appealed. Both Husband and the trial court complied with Pa.R.A.P. 1925.[3]

_____

[3] In addressing Husband's issues, the trial court opined:

> All claims in this case have been fully and fairly litigated and [Husband] is collaterally estopped from raising any alleged claim for interest income. The [c]ourt concludes that [Husband] is essentially asking this [c]ourt to reconsider [the 2016 equitable

*(Footnote Continued Next Page)*

In his Statement of Questions, Husband raises the following issues for our review:

1. May the court deny relief to a party where the court based its denial in part on irrelevant, unwarranted, and speculative findings without factual basis?

2. May a party be assessed counsel fees, sanctions, and costs where there was no proof offered in support of excessive, punitive, unwarranted award, and not subject to a hearing before this court as required by the applicable Rules?

3. May the court base its conclusions on speculative or false assumptions and argument not supported by facts or testimony before the court in this proceeding.

4. May the court peremptorily find and conclude any further attempt by the Defendant to relitigate . . . etc. is without merit and . . . serves to harass the Plaintiff[,] denying a party Constitutional rights and create[ing] a barrier to the party's access to this court.

---

distribution order], which is both improper and impermissible. . . The [c]ourt concludes, and the Divorce Code makes clear, that beyond thirty (30) days, a decree cannot be vacated absent fraud which is collateral to the proceedings. The [c]ourt concludes [that the court previously found that Husband] has failed to present a scintilla of evidence to substantiate his continued allegations of fraud in connection with the Equitable Distribution Hearing held in September 2016 . . . despite this [c]ourt having given him ample opportunity to do so. [Husband] herein continues to litigate and re-litigate, attempting to open up his divorce case years after a Final Divorce Decree has been entered, now acknowledging that he is appealing solely to the equitable powers of the [c]ourt, while [Wife] is being forced to continue to expend attorney's fees. This conduct on the part of [Husband] in continuing to litigate and re-litigate this case is without merit and simply serves as an effort to harass [Wife]. [Husband]'s conduct is clearly obdurate and vexatious and [Wife] is entitled to an award of attorney's fees.

Trial Ct. Op., filed 8/2/22 at 7, 16.

Husband's Br. at 7 (some capitalization omitted).

This Court reviews a trial court's decision to grant or deny special relief in divorce actions for an abuse of discretion. *Conway v. Conway*, 209 A.3d 367, 371 (Pa. Super. 2019). "An abuse of discretion exists when the trial court has rendered a decision or a judgment which is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias or ill will." *Id.* (citation omitted).

In his Argument section, Husband essentially abandons the issues as stated in his Statement of Questions. Specifically, Husband fails to identify which trial court findings and conclusions are speculative, fails to provide any argument regarding the award of attorney's fees, and fails to develop an argument regarding a violation of his constitutional rights.

Instead, Husband avers that the equitable distribution order provided for an equal division of assets and argues that he paid state and federal income taxes on assets that were subsequently assigned to Wife. Husband's Br. at 15. Husband contends that Wife owes him 50% of the $163,000 that he unfairly paid in taxes. *Id.*

It is axiomatic that issues not presented in an appellant's Statement of Questions Involved or "fairly suggested thereby" will not be considered. Pa.R.A.P. 2116(a); *Commonwealth v. Felder*, 247 A.3d 14, 20 (Pa. Super. 2021). Further, an appellant is required to develop an argument regarding issues raised with reference to the record, citation and discussion of pertinent authorities. *See* Pa.R.A.P. 2119 (listing argument requirements for appellate

briefs). "The Rules of Appellate Procedure . . . state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Commonwealth v. Martz**, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted).

Here, assuming that Husband's argument is fairly suggested by the questions presented, he fails to develop it in a meaningful and coherent way. Although Husband cites boilerplate law, he fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and case law. It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. **Commonwealth v. Johnson**, 985 A.2d 915, 925 (Pa. 2009). This Court will not act as counsel. **In re R.D.**, 44 A.3d 657, 674 (Pa. Super. 2012).

Appellant's failure to present a developed argument hampers this Court's ability to provide meaningful review. Accordingly, Husband's claims are waived.[4]

---

[4] We remind Wife that our Rules of Appellate Procedure permit a party to file an application with this Court for reasonable counsel fees in cases of frivolous appeals and obdurate, vexatious conduct. **See** Pa.R.A.P. 2744; Pa.R.A.P. 2572; **see also Commonwealth v. Wardlaw**, 249 A.3d 937, 947 (Pa. 2021) ("For example, an appellate court, 'may award as further costs damages as may be just,' Pa.R.A.P. 2744, provided that, *inter alia,* the party receiving such damages makes 'an application for further costs and damages.'" (citation omitted))

Order affirmed. Wife's Motion for Leave of Court to File Sur Reply Brief is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2023