J-A19044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL R. COLON | : | |
| | : | |
| Appellant | : | No. 3167 EDA 2022 |

Appeal from the Order Entered November 9, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002033-2004,
CP-15-CR-0004401-2004

BEFORE:  BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED OCTOBER 16, 2023**

Angel R. Colon (Colon) appeals an order of the Court of Common Pleas of Chester County (trial court) which clarified an ambiguity as to whether he received credit for time served at his sentencing.  We affirm.

In Colon's related appeals concerning his sentence (2418 EDA 2021 and 2419 EDA 2021), we summarized the procedural history of the underlying matter as follows:

> In 2005, Colon pleaded guilty to corrupt organizations at docket number 2033-04 and three counts of delivery of a controlled substance2 at docket number 4401-04.  Colon later moved to withdraw his guilty plea.  The trial court denied the motion and sentenced him to an aggregate of twenty to fifty years of imprisonment.  This Court affirmed Colon's judgment of sentence on direct appeal, and Colon did not petition for allowance of appeal with our Supreme Court.  The trial court reinstated Colon's right

---

[*] Retired Senior Judge assigned to the Superior Court.

to petition our Supreme Court for allowance of appeal following his first Post Conviction Relief Act ("PCRA") petition, and our Supreme Court denied the petition on November 6, 2008. Colon filed several PCRA petitions between 2009 and 2015, all of which the PCRA court dismissed. In 2018, Colon filed a motion for time credit, which the court construed to be a PCRA petition and dismissed without a hearing. This Court affirmed. ***See Commonwealth v. Colon***, 216 A.3d 409 (Pa. Super. Apr. 22, 2019) (unpublished memorandum).

On August 25, 2021, Colon filed a *pro se* "Petition for Clarification and/or Correction of the Sentence in the Nature of 'Credit for Time Served', [sic] *Nunc Pro Tunc*." In his petition, Colon asked the trial court to correct the sentencing judge's "non-calculation of credit time in custody." Colon further alleged that his co-defendant, also originally sentenced in 2005, had received credit for time served following a similar petition in 2020. The trial court treated Colon's petition as an untimely PCRA petition and, pursuant to Pennsylvania Rule of Criminal Procedure 907, issued a notice of intent to dismiss the petition on September 23, 2021. Colon filed a response to the court's Rule 907 notice, in which he maintained that, in his petition, he had "asked [the court] to clarify whether his time in custody would be credited toward his sentence[.]" The trial court nevertheless concluded Colon's petition was an untimely PCRA petition and dismissed it without a hearing on October 27, 2021. The trial court declined to acknowledge Colon's assertion that he was seeking a clarification of his sentence; nor did the court address Colon's assertion that his co-defendant had recently filed the same petition and received relief. Colon filed timely notices of appeal, and both he and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

***Commonwealth v. Colon***, 2418 EDA 2021, 2419 EDA 2021, at *1 (Pa. Super. October 13, 2022) (unpublished memorandum decision) (footnotes and internal citations omitted).

We granted Colon relief in the above appeals, remanding the case to the trial court to "*resolve the ambiguity in Colon's sentence, namely, to determine whether Colon's sentence includes credit for time served in custody prior to*

*sentencing*." ***See id***. at *4 (emphasis added).[1]  Significantly, Colon had "conceded that should the court clarify that his sentence included no credit for time served, he would be challenging the legality of his sentence." ***Id***. at *3 n.4.

Following remand, the trial court conducted proceedings consistent with our directive to clarify any ambiguity in Colon's sentence.  In its order of November 9, 2022, the trial court stated that it had "reviewed the transcript of [Colon's] sentencing and the applicable sentencing sheets, and the court has found no indication that [Colon's] sentence includes credit for time served in custody prior to sentencing."  Trial Court Order, 11/9/2022, at 1.

Despite that this clarification was the sole purpose of the remand of the case to the trial court, Colon again appealed.  In his brief, Colon claims that the trial court erred because it "failed to acknowledge [or] address the

_____

[1] "If . . . the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of habeas corpus ad subjiciendum lies to the trial court for clarification and/or correction of the sentence imposed." ***Commonwealth v. Perry***, 563 A.2d 511, 513 (Pa. 1989); ***see also Commonwealth v. Heredia***, 97 A.3d 392, 394-95 (Pa. Super. 2014).  A request for clarification of a sentence is not subject to the requirements of the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 (PCRA).  ***See Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007).

ambiguity as to why [Colon's] co-defendant who had filed a similar petition in 2020 [was granted relief]." Appellant's Brief, at 10.[2]

Here, Colon has failed to establish that the trial court abused its discretion.[3] This case was remanded to the trial court for the sole purpose of clarifying whether Colon was entitled to credit for time served. The trial court did as we instructed, stating in its order that it had reviewed the relevant 2005 orders and transcripts and concluded that Colon had *not* been awarded such credit.

Colon suggests that he should have been or was awarded credit for time served because his co-defendant received such credit. However, that fact alone is irrelevant. Their respective sentencing calculations hinged on several factors, such as whether bail was posted and whether the person was in custody while on a Board of Probation and Parole detainer. More succinctly, an award of credit time to Colon's co-defendant and the lack of credit time awarded to Colon does not alone make Colon's sentence ambiguous.

_____

[2] We note that Colon does not provide the dates of the "time served" for which he is entitled to credit.

[3] "Our standard of review of a court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason." ***Rivera v. Pa. Dept. of Corr.***, 837 A.2d 525, 528 (Pa. Super. 2003) (citations omitted). Whether the trial court has authority to correct an alleged sentencing error is a pure question of law which we review under a *de novo* standard. ***See Commonwealth v. Kremer***, 206 A.3d 543, 547-48 (Pa. Super. 2019).

In addition, Colon does not identify any portion of the record which so much as suggests that his judgment of sentence is unclear. Claims which are not sufficiently developed will be deemed waived. *See* Pa.R.A.P. 2119; *see also Commonwealth v. Felder*, 247 A.3d 14, 20 (Pa. Super. 2021) (citation omitted) ("Also, an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived.").[4]

In sum, the trial court had limited authority on remand to clarify the terms of Colon's sentence and the trial court did so. Colon challenges that clarification, but he presents no cogent grounds for relief. Thus, the trial court's order must stand.

Order affirmed.

---

[4] Even had Colon been erroneously denied credit time when he was sentenced (an issue which is not now before us), relief for such error would only be available on direct appeal or by way of a post-conviction petition. *See Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007). Colon has already unsuccessfully sought credit time in a prior appeal. *See Commonwealth v. Colon*, 216 A.3d 409 (Pa. Super. Apr. 22, 2019) (unpublished memorandum). He has also filed numerous post-conviction petitions. Accordingly, any challenge to the legality of Colon's sentence would be outside the purview of this appeal, as well as procedurally barred. *See Commonwealth v. Colon*, 2418 EDA 2021, 2419 EDA 2021, at *1 (Pa. Super. October 13, 2022) (unpublished memorandum decision).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/16/2023