J-S01043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYAN ALLEN CRABB | : | |
| Appellant | : | |
| | : | No. 829 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 9, 2021
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005172-2008

BEFORE: BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:        **FILED: JULY 27, 2022**

Appellant Bryan Allen Crabb appeals from the judgment of sentence imposed following the revocation of his probation. Appellant contends that the trial court erred in revoking his probation because it did not specify the conditions of probation at the time of his initial sentencing, and he claims that the trial court abused its discretion when it resentenced Appellant after revoking probation. We affirm.

The trial court summarized the relevant facts and procedural history in this matter as follows:

> On September 14, 2009, [Appellant] entered guilty pleas, pursuant to a negotiated plea agreement, to the offenses of sexual assault,[FN1] unlawful contact with a minor,[FN2] and corruption of minors.[FN3] The terms of the negotiated plea agreement were for [Appellant] to receive a sentence of three and one-half (3 ½) to

---

[*] Retired Senior Judge assigned to the Superior Court.

seven (7) years in a state correctional institution followed by ten (10) years of consecutive probation.[1]   Furthermore, it was agreed that [Appellant] accept whatever determination was made by the Sexual Offender Assessment Board (SOAB) as to whether he met the criteria of a Sexually Violent Predator (SVP).   On December 17, 2009, [Appellant] was sentenced in accordance with the plea agreement and adjudged to be an SVP.

> [FN1] 18 Pa.C.S. § 3124.1.

> [FN2] 18 Pa.C.S. § 6318.

> [FN3] 18 Pa.C.S. § 6301.

After imposing sentence and awarding credit for time served, the [c]ourt inquired of both parties whether the sentence was in accord with the negotiated plea agreement.   [N.T., 12/17/09, at 7].   The Commonwealth responded as follows:

> MS. GETTLE: Yes. I would ask for no contact with the victim as well as the sexual offender conditions that are standard.

> THE COURT: So ordered.

[*Id.* at 7-8].

No discussion was held on the record detailing the "sexual offender conditions that are standard" nor any other conditions of probation other than a prohibition on contact with the victim.

On March 18, 2021, a revocation hearing was held on the Commonwealth's allegations that [Appellant] was in violation of the terms of his probation.[FN4] The following testimony was offered by the Probation Officer in support of the Commonwealth's allegations:

_____

[1] The record reflects that the trial court sentenced Appellant to a term of three and one-half to seven years of incarceration for the crime of sexual assault. N.T., 12/17/09, at 7.  The trial court also sentenced Appellant to a term of ten years of probation for unlawful contact with a minor, and to a term of five years of probation for corruption of minors.  *Id.*  The sentences of probation were ordered to be served consecutively to the sentence of incarceration, but concurrently with each other.  *Id.*  This resulted in an aggregate sentence of three and one-half to seven years of incarceration followed by ten years of probation.

[Appellant] has violated his supervision by possession of weapons, which included a 9 mm handgun, a crossbow, and a hunting rifle.

[Appellant] has also had pornographic materials in his home and admitted to using pornography on a regular basis. He reported to [the investigating agent] that he was doing so on the family computer instead of his cell phone because he thought that the state agent would be less likely to check the family computer for this.

He had also had a dildo and women's clothing hidden in the basement because he did not believe [the investigating agent] would go and search the basement for that.

And it should be noted that these were all behaviors that [Appellant] engaged in around the time of his original offense, so we're very concerned at the pattern here. And [Appellant] has also admitted to treatment that he is in a similar cycle of abuse that led to his offense.

He has a history of sexual assault with minor victims, which includes this current revocation case. Per the report that [the investigating agent] provided, again, the fact that he is viewing pornography or was viewing pornography daily and feeling the sexual materials, clothing, being aware of weapons in the home, all of this is just showing that he has no regard for the rules of the Court.

We are very concerned that his behaviors might lead to further criminal activity, if it hasn't already. He presents a major risk, in our opinion, to the community, and we would ask for an incarceration in state prison to prevent further victims.

[N.T., 3/18/21, at 2-4].

[FN4] The [sentence of incarceration] imposed [for] sexual assault, had already expired, and the only remaining counts subject to violation were the probationary sentences imposed [for unlawful contact with a minor and corruption of minors]. [*Id.* at 4].

[Appellant's] counsel's only comments were to suggest that the weapons may have belonged to other individuals residing in the home. [*Id.* at 4-5]. The Probation Officer responded:

> Your Honor, I do understand that; however, the rules make it very clear that they cannot be in the residence of which the [Appellant] resides, and he was aware that they were there. So whether they were actually his weapons or not, his knowledge of them being in the residence alone would be a violation.

[*Id.* at 5].

Based on the above testimony, we found [Appellant] in violation of his probation, ordered the preparation of a pre-sentence investigation report (PSI) and scheduled sentencing for June 9, 2021. [*Id.*]. At the resentencing hearing on June 9, 2021, the Commonwealth declined the opportunity to offer additional testimony. [N.T., 6/9/21,[2] at 4]. Nonetheless, the Commonwealth did present a very persuasive argument detailing the nature and circumstances of [Appellant's] underlying convictions and the nexus between some of the alleged probation violations and those previous criminal actions. Accordingly, we sentenced [Appellant] to serve four and one-half (4½) to ten (10) years in a state correctional institution [for unlawful contact with a minor,] followed by five (5) years of consecutive probation [for corruption of minors]. [*Id.* at 10-11].

Trial Ct. Op., 8/10/21, at 1-3 (some formatting altered).[3]

_____

[2] It is undisputed that the trial court resentenced Appellant on June 9, 2021. *See* Sentencing Order, 6/9/21. However, the cover page on the notes of testimony for the resentencing hearing bears a date of June 25, 2021. The reason for this discrepancy is unclear. For purposes of our discussion, we will utilize the date of the sentencing order, June 9, 2021, to refer to the notes of testimony from Appellant's resentencing hearing.

[3] Because Appellant was actively and concurrently serving his probationary sentences for unlawful contact with a minor and corruption of minors prior to the violation, there was no anticipatory revocation of probation. Therefore, this Court's decision in *Commonwealth v. Simmons*, 262 A.3d 512 (Pa. Super. 2021) (*en banc*), holding that sentencing courts lack the statutory

*(Footnote Continued Next Page)*

Appellant subsequently filed a timely post-sentence motion. The trial court denied Appellant's post-sentence motion on June 16, 2021, and Appellant filed a timely appeal.[4] Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Did the trial court err in revoking Appellant's probationary sentence[s] where the trial court failed to notify Appellant of the conditions of probation at the time of sentencing.

2. Did the trial court err in revoking the appellant's probationary sentence[s] where the Commonwealth failed to present sufficient evidence to prove Appellant violated the conditions of probation.

3. Did the trial court err in sentencing Appellant to a sentence of four and one-half years to ten years [of] incarceration followed by five years of probation where said sentence was unduly harsh.

Appellant's Brief at 5.

Because Appellant's first two issues are interrelated, we address them concurrently. Appellant contends that at his initial sentencing, the trial court failed to specify the conditions of probation and that at the revocation hearing, the Commonwealth did not meet its burden of establishing Appellant violated his probation. *Id.* at 10, 14-19. Relying on this Court's decision in

_____

authority to revoke probation for a violation committed before the sentence of probation has commenced, does not apply. *See id.* at 514.

[4] Additionally, Appellant's prior counsel filed a motion to withdraw on June 24, 2021. The trial court granted prior counsel's motion to withdraw, and it appointed current counsel to represent Appellant on appeal.

- 5 -

*Commonwealth v. Koger*, 255 A.3d 1285 (Pa. Super. 2021), *appeal granted*, 270 WAL 2021, 2022 WL 1014268 (Pa. filed Apr. 5, 2022), Appellant emphasizes that trial courts have a statutory duty to attach conditions to a defendant's probation. In this case, Appellant asserts that the trial court failed to inform him about the specific conditions of his probation and therefore, the court erred in revoking his probation. *Id.* at 12-14.

The Commonwealth responds that because Appellant knew that there were weapons in his house and had the ability to possess them, Appellant was in constructive possession of a firearm. Commonwealth's Brief at 4. Therefore, the Commonwealth contends that Appellant's unlawful possession of a firearm was a violation of 18 Pa.C.S. § 6105, and it constituted an independent basis to revoke probation. *Id.*[5]

We begin our discussion by setting forth the applicable standard of review.

> When considering an appeal from a sentence imposed following the revocation of probation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." ***Commonwealth v. Perreault***, 930 A.2d 553, 557 (Pa. Super. 2007) (citations omitted); ***see also*** 42 Pa.C.S. § 9771(b).

---

[5] Alternatively, the Commonwealth suggests that this matter should be held in abeyance until the Supreme Court of Pennsylvania "resolves *allocatur* in ***Commonwealth v. Koger***, 270 WAL 2021." Commonwealth's Brief at 4. As discussed below, we conclude that this Court's decision in ***Koger*** is not dispositive in this matter.

> Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. Super. 1996); *see also* 42 Pa.C.S. § 9771(a) (stating that, while a defendant is on probation, the court "has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety").

*Commonwealth v. Parson*, 259 A.3d 1012, 1019 (Pa. Super. 2021) (formatting altered).

Before the trial court may revoke probation, the court must find, "based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime[.]" *Id*. (quoting *Commonwealth v. Foster*, 214 A.3d 1240, 1243 (Pa. 2019)); *see also* 42 Pa.C.S. § 9771. "Unlike a criminal trial where the burden is upon the Commonwealth to establish all of the requisite elements of the offenses charged beyond a reasonable doubt, at a [probation] revocation hearing the Commonwealth need only prove a violation of probation by a preponderance of the evidence." *Parson*, 259 A.3d at 1019 (citation omitted). "As our Supreme Court has explained, 'preponderance of the evidence is "a more likely than not inquiry," supported by the greater weight of the evidence; something a reasonable person would accept as sufficient to support a decision.'" *Id.* (citation omitted). Moreover, it is well settled that "[p]robation may be revoked on the basis of conduct which falls short of criminal conduct." *Id.* (citing *Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa. Super. 2014)).

In **Koger**, the defendant was sentenced to probation after he was convicted of possessing child pornography and criminal use of a communication facility. **See Koger**, 255 A.3d at 1287. At the time of sentencing, the trial court did not advise the defendant of the specific conditions of his probation or parole. **Id.** at 1290. Instead, after the sentencing hearing, a probation officer informed the defendant of the general rules, regulations, and conditions governing probation and parole. **Id.** Months later, after finding defendant in violation of his probation, the court revoked both his probation and parole.

On appeal, the defendant argued that the trial court abused its discretion by revoking his probation because the Commonwealth failed to establish all the specific terms and conditions of his parole and probation. **Id.** at 1288-89. In response, the Commonwealth argued that the probation department adequately advised the defendant about the terms and conditions of his sentence. Ultimately, a panel of this Court explained that the trial court may not delegate its statutorily prescribed duties to probation and parole offices, and the trial court is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition. **Id.** at 1291.

In reaching that conclusion, the **Koger** Court explained:

> We reject the Commonwealth's argument that the probation officer's . . . petition sufficiently indicated the conditions and alleged violations. Instead, "the court shall attach such of the reasonable conditions . . . as it deems necessary to insure or assist the defendant in leading a law-abiding life.["] Because the trial

> court did not impose, at the time of the August 21, 2018, sentencing any specific probation or parole conditions, the court could not have found he "violated one of the 'specific conditions' of probation or parole included in the probation order."

*Id.* at 1290-91 (some formatting altered and citations omitted).

Following our review, we conclude that the instant case is distinguishable from **Koger**. The **Koger** decision did not state that every conceivable condition or aspect of probation must be specified by the trial court. Indeed, "[t]he law provides a general condition of probation – that the [Appellant] lead 'a law-abiding life,' *i.e.*, that the [Appellant] refrain from committing another crime." **Foster**, 214 A.3d at 1250; 42 Pa.C.S. § 9754; **see also Commonwealth v. Roy**, 2021 WL 4901052 at *2 (Pa. Super. filed Oct. 21, 2021) (unpublished mem.) (applying **Foster** and concluding that the trial court "was permitted to revoke [the defendant's] probation based on his commission of new offenses . . . even though that condition of his probation was not set forth in his original sentencing order"); **Commonwealth v. Mitchell**, 2022 WL 872501, at *4 (Pa. Super. filed Mar. 24, 2022) (unpublished mem.) (same).[6] Were we to hold otherwise, it would require trial courts to specifically enumerate the Crimes Code and every criminal act that a probationer must refrain from committing while serving a term of probation. We conclude that the **Koger** Court did not intend such a result.

---

[6] **See generally** Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

As noted previously, it is undisputed that Appellant is a convicted felon who pleaded guilty to sexual assault, unlawful contact with a minor, and corruption of minors. Because corruption of minors is an offense that is specifically enumerated in 18 Pa.C.S. § 6105(b), Appellant is prohibited from possessing a firearm. *See* 18 Pa.C.S. § 6105(a)(1).

Further, it is well settled that the unlawful possession of a firearm may be established by constructive possession. *Commonwealth v. McClellan*, 178 A.3d 874, 878 (Pa. Super. 2018). In circumstances where contraband is not found on the defendant's person, the Commonwealth must establish constructive possession, which is "the power to control the contraband and the intent to exercise that control." *Id.* (citations omitted). "Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." *Id.*

Notably, Probation Officer Brandy Hooper testified to the discovery of a firearm inside Appellant's approved residence. The house is owned by Appellant's parents, and there is no dispute that Appellant had equal access to the interior of the house. Trial Ct. Op., 8/10/21, at 2; N.T., 3/18/21, at 3; *see, e.g., Commonwealth v. Mudrick*, 507 A.2d 1212, 1214 (Pa. 1986) (holding that constructive possession may be found where the contraband is found in an area of joint control and equal access). Under these circumstances, we agree with the Commonwealth that "Appellant's very conduct of being present in a house where he knew weapons were kept with an ability to possess them constituted constructive possession and the offense

- 10 -

of persons not to possess and constituted an independent basis for revocation as the commission of a new crime." Commonwealth's Brief at 4. On this record, we conclude that the Commonwealth established, by a preponderance of the evidence, that Appellant violated his probation by possessing a firearm.

For these reasons, we discern no merit to Appellant's argument that the trial court was not permitted to revoke his probation pursuant to *Koger*.[7] Further, we conclude that the Commonwealth presented sufficient evidence to establish that Appellant violated his probation by unlawfully possessing a firearm. Accordingly, we discern no abuse of discretion or error law in the trial court's conclusion that the Commonwealth established by a preponderance of the evidence that Appellant, a person ineligible to possess a firearm, was in violation of 18 Pa.C.S. § 6105, and therefore, violated the general conditions of his probation. *See Parson*, 259 A.3d at 1019; *see also*

---

[7] We are cognizant that in its Rule 1925(a) opinion, the trial court cites *Koger*, and now agrees with Appellant that the revocation of probation should be reversed. Trial Ct. Op., 8/10/21, at 6. The trial court concludes that although it agreed to impose "sexual offender conditions that are standard[,] . . . that language does nothing . . . to notice [Appellant] as to the conditions being imposed or to make those conditions clear on the record." *Id.* While *Koger* requires the sentencing court to inform a defendant of probation conditions, instantly, we disagree with the trial court that *Koger* requires reversal. As discussed above, established case law provides general conditions of probation, and Appellant violated those conditions by unlawfully possessing a firearm. *Foster*, 214 A.3d at 1250; 42 Pa.C.S. § 9754.

*Foster*, 214 A.3d at 1250; *Roy*, 2021 WL 4901052 at \*2. On this record, Appellant is entitled to no relief on his first two issues.[8]

In his remaining issue, Appellant contends that the trial court abused its discretion when it imposed an excessive sentence and failed to consider mitigating factors. Appellant's Brief at 23. Accordingly, Appellant's issue presents a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) (stating that "[a] challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence" (citation omitted)).

_____

[8] To the extent that Appellant claims that the trial court relied on hearsay evidence in revoking probation, *see* Appellant's Brief at 17-18, we conclude that his claim is waived. The record reveals that Appellant failed to make an objection based on hearsay during the revocation proceedings. Evidentiary challenges are subject to waiver if not properly raised. *See Commonwealth v. Foreman*, 797 A.2d 1005, 1016 (Pa. Super. 2002) (reviewing challenge to admission of hearsay evidence and holding that "[i]n the absence of an appropriate objection made when the evidence is proffered at trial, the issue is not preserved for appeal and the applicable rule of evidence is waived" (citation omitted)); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"). Relatedly, although Appellant does not use the terminology "ineffective assistance of counsel" in connection with his counsel's failure to object, Appellant does point out that counsel failed to meet with him prior to the revocation hearing. Appellant's Brief at 18. To the extent that Appellant is claiming ineffective assistance of counsel, generally, this type of claim would be cognizable for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. *See Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (holding that, as a general rule, claims of ineffective assistance of counsel should be raised on collateral review); *Commonwealth v. Cappello*, 823 A.2d 936 (Pa. Super. 2003) (a claim that counsel was ineffective at revocation hearing is a claim cognizable under the PCRA).

We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014) (citations omitted). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As this Court explained in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010), an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Id.*** at 170 (formatting altered and citation omitted).

In the instant case, following the revocation of his probation, Appellant filed a timely post-sentence motion, a timely appeal, and included a Rule 2119(f) statement in his appellate brief. Accordingly, Appellant is in technical compliance with the requirements to challenge the discretionary aspects of his sentence. ***See Commonwealth v. Rhoades***, 8 A.3d 912, 916 (Pa. Super. 2010). Therefore, we will proceed to determine whether Appellant has raised a substantial question. ***See id.***

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Moury*, 992 A.2d at 170.

In the instant case, Appellant contends that the trial court imposed a sentence that is excessive and failed to consider relevant sentencing components, including his rehabilitative needs, and mitigating factors. Appellant's Brief at 23-24. Accordingly, we conclude that Appellant has presented a substantial question for our review. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating that a claim of an excessive sentence in conjunction with an assertion that the court failed to consider mitigating factors raises a substantial question).

Our standard of review is as follows:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment – a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Starr*, 234 A.3d 755, 760-61 (Pa. Super. 2020) (citation omitted).[9]  Moreover, "our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing."  *Parson*, 259 A.3d at 1019 (citation omitted and formatting altered); *see also* 42 Pa.C.S. § 9771(b).

After review, we conclude that Appellant has failed to provide any argument apart from his boilerplate assertion that the sentence is longer than the original sentence and "excessive without justification."  Appellant's Brief at 28.[10]  Appellant offers only the broad assertion that "the trial court did not take into consideration his character" and "placed too much emphasis on his criminal history than on his rehabilitative needs."  *Id.* at 27-28.  Appellant's argument is wholly undeveloped, and we find it is, therefore, waived.  *See Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding that appellant waived his claim by failing to adequately develop his argument or provide citation to and discussion of relevant authority).

---

[9] In his brief, Appellant references the trial court's responsibilities under the recently drafted Resentencing Guidelines.  Appellant's Brief at 23 (citing 204 Pa.Code § 307.2).  Because Appellant's underlying crimes were committed in 2008, the Resentencing Guidelines were not applicable when Appellant was resentenced at his 2021 VOP hearing.  204 Pa.Code § 307.2(b).

[10] In the argument portion of his brief, Appellant challenges only the sentence imposed for unlawful contact with a minor.  Accordingly, Appellant has waived any challenge to the sentence imposed for corruption of minors.  *See Commonwealth v. Felder*, 247 A.3d 14, 20 (Pa. Super. 2021) (stating that "an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived" (citation omitted and formatting altered)).

In any event, were we to address this issue, we would find no abuse of discretion by the trial court. The record reflects that the trial court considered the PSI, the conduct underlying Appellant's initial crimes, the conduct underlying the revocation of Appellant's probation, and, although it was not required to, the court considered the Sentencing Guidelines. *See* Trial Ct. Op., 8/10/21, at 4-5; N.T., 6/9/21, at 9-10. The trial court then imposed a sentence of four and one-half to ten years of incarceration, a sentence at the low end of the standard range of the Sentencing Guidelines. *See* Trial Ct. Op., 8/10/21, at 4-5; N.T., 6/9/21, at 9-10; *see also* N.T., 12/7/09, at 4. It is well settled that where the trial court has the benefit of a PSI report, we may assume that the trial court was aware of Appellant's rehabilitative needs and weighed those considerations along with relevant mitigating factors. *See Moury*, 992 A.2d at 171. On this record, we discern no basis upon which to disturb the trial court's sentence. Therefore, were we to reach this issue, Appellant would be entitled to no relief.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2022

- 16 -