J-S15004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADRIAN K. AMARA | : | |
| | : | |
| Appellant | : | No. 943 MDA 2022 |

Appeal from the PCRA Order Entered June 10, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006270-2015

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: FEBRUARY 16, 2024**

Adrian K. Amara appeals *pro se* from the order that dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Appellant was charged with various offenses related to an illicit drug distribution conspiracy investigated by the York County Drug Task Force.  His first trial resulted in a mistrial because Appellant appeared in court "impaired and unable to remain conscious," testing positive for opioid use and unable to aid in his defense.  ***Commonwealth v. Amara***, 216 A.3d 372, 2019 WL 1556215, at *1 (Pa.Super. 2019) (unpublished memorandum) (cleaned up).  A second trial ended in a mistrial when police officers improperly referenced Appellant's election to remain silent rather than cooperate.  ***Id***.

The trial court summarized the third trial as follows:

Appellant was brought to trial a third and final time on May 10, 2017.  The Commonwealth first called Sergeant Adam

Bruckhart to testify. In June and July of 2015, Sergeant Bruckhart was coordinating a drug investigation with a confidential informant pertaining to a suspected drug dealer, Alana Clark, who lived at 30 North Broad Street in York, Pennsylvania. Sergeant Bruckhart had the confidential informant conduct [three] controlled drug buys of heroin from Ms. Clark. Each time, the confidential informant was searched before the transaction, was given an amount of official funds, and returned from the transaction with a quantity of heroin. These buys occurred on June 30th, July 7th, and July 14th of 2015. During the phone call to set up the buy on July 7th, Sergeant Bruckhart overheard the confidential informant speaking to a male voice on the other end of the call. As a result of these controlled buys, Sergeant Bruckhart obtained a search warrant for the residence at 30 North Broad Street, and executed this warrant on July 15, 2015.

A team of officers entered 30 North Broad Street pursuant to the warrant. They gathered all the residents in the kitchen. Ms. Clark and Appellant were discovered together in a bedroom on the second floor. In that bedroom, the officers found sandwich bags, magazine clippings, and packages of heroin. The envelopes for the heroin were fashioned out of magazine clippings folded around a quantity of heroin. Sergeant Bruckhart testified that this method of packaging was extremely rare.

The police also discovered identification evidence for the occupants of the bedroom, including an Access card with Ms. Clark's name on it, and a voter registration card and paystub with Appellant's name on it. The paystub was from August of 2013, almost two years prior to the search, suggesting Appellant had resided there for some[ ]time. Also located was $305 in cash, and three cellphones, two of which were submitted for analysis. None of the cash found matched the official funds used in the three controlled drug buys by the confidential informant. Also located in the home were Appellant's children.

The Commonwealth then presented testimony from Sergeant Travis Shearer. Sergeant Shearer participated in the execution of the search warrant at 30 North Broad Street, in which he interviewed Appellant. During this interview Appellant stated that he was a drug user, that there were drugs in the upstairs bedroom of the residence where he had been located, and that those drugs were his. Sergeant Shearer also recalled Appellant

- 2 -

telling him that often times those with drug habits have to sell drugs to fund their addiction.

The Commonwealth next presented the testimony of Trooper Shawn Wolfe. Trooper Wolfe assisted in the controlled drug buys on July 7th and 15th by providing surveillance and taking photographs. Trooper Wolfe also assisted in the execution of the search warrant on July 15th, in which he was the first to enter the bedroom and observe Appellant standing near the door, and Ms. Clark by the windowsill. Trooper Wolfe then went outside to see what, if anything was thrown out of the window. He observed on the ground directly below the window a clear plastic sandwich bag with drug residue in it and apparent packaging material. When re-entering the house, Trooper Wolfe heard Appellant exclaim, "well you found it, that's it."

The Commonwealth then called Jess[e] Coy, a qualified expert in cell phone data analysis. [The Commonwealth introduced through Mr. Coy, over Appellant's objections, evidence of text messages taken from Ms. Clark's phone and the unidentified Samsung phone, which discussed arranging drug transactions.]

. . . .

[After the Commonwealth rested, Appellant testified in his defense, indicating that all the contraband belonged to Ms. Clark, that he did not know that she was dealing rather than just using heroin, and that he never used heroin.]

The Commonwealth then presented the testimony of Karen Sipe, the confidential informant, on rebuttal. Ms. Sipe testified that prior to July 15, 2015, she had purchased heroin from Appellant, and that during the time period around July 15, 2015, she worked with Detective Bruckhart to set up heroin buys with Appellant. At this point, the Commonwealth closed its case, and then both parties presented closing arguments. The jury then retired to deliberate, and returned with a verdict of guilty for possession with the intent to distribute, criminal conspiracy to possession with the intent to distribute, and possession of drug paraphernalia.

*Id*. at *1–3 (cleaned up).

Appellant was sentenced to an aggregate term of eleven to twenty-two years of imprisonment. On direct appeal, he contended, *inter alia*, that the text message exhibits were improperly admitted because they were not properly authenticated as being authored by him. **Id**. at *4. This Court agreed, concluding "there was no authentication of the messages, no evidence that Appellant had any involvement with the telephones in question, and no evidence of Appellant's involvement in the conversations." **Id**. at *6. However, we ruled that the error was harmless because "the evidence against Appellant was overwhelming." **Id**. at *7. In particular, we highlighted the inculpatory testimony from Ms. Sipe, Sergent Bruckhart, and Trooper Wolfe, as well as the physical evidence seized during execution of the search warrant. **Id**.

Accordingly, we affirmed Appellant's judgment of sentence, which became final in 2019 when Appellant failed to seek allowance of appeal from our Supreme Court. **Id**. Appellant's first, timely PCRA petition was dismissed as meritless after his counsel was permitted to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Appellant did not appeal that dismissal.

Appellant *pro se* filed the PCRA petition at issue in this appeal on January 21, 2022, alleging therein that he had recently discovered that Sergeant Bruckhart, Sergeant Shearer, and Trooper Wolfe were dismissed from the York

County Drug Task Force for misconduct, and that this after-discovered evidence entitled him to a new trial. *See* PCRA Petition, 1/21/22, at 41. The PCRA court appointed counsel who filed a *Turner*/*Finley* no-merit letter, opining that, while Appellant's petition was timely filed pursuant to the newly-discovered-facts timeliness exception, his substantive claim lacked merit because the evidence Appellant discovered was solely impeachment evidence and would not be admissible at trial. *See* Petition to Withdraw, 6/6/22, at ¶¶ 24-32, Exhibits A-B.

The PCRA court granted counsel's withdrawal request and dismissed Appellant's petition three days later without first issuing Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Appellant filed this timely appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.P.A.P. 1925(b) and Appellant timely complied. Thereafter, Appellant filed requests in both the PCRA court and this Court to file an amended Rule 1925(b) statement. Appellant claimed that he had received additional documents in response to subpoenas that gave rise to issues that were not preserved in the original statement but that "go hand in hand with other issues that are preserved and a couple that are alone on their own." Petition to File Amended 1925(b) Statement, 12/20/22, at ¶ 4. Appellant contended that he did not wish "to have to argues [*sic*] these issues at a latter [*sic*] date under a new PCRA." *Id*. at ¶ 5.

This Court denied Appellant's application without prejudice and directed the PCRA court to rule on the request to amend. The PCRA court did not timely comply. Appellant then filed his brief in this Court asserting the issues raised in his Rule 1925(b) statement plus two instances of PCRA counsel's ineffectiveness that he did not include in the statement. Specifically, Appellant argued that PCRA counsel was ineffective in failing "to subpoena records . . . in order to further enhance the Appellant's argument." Appellant's brief at 4. Given the procedural irregularities, we ourselves granted Appellant's still-pending request to file an amended Rule 1925(b) statement, remanded for him to do so, and instructed the PCRA court to provide a new Rule 1925(a) opinion addressing any new issues not discussed in its prior opinion.

Having received the new opinion, supplemental certified records, and new briefs from the parties, we are now prepared to address Appellant's issues:

> 1) Is the PCRA court erroneous in [its] position that Appellant's after-discovered evidence is both inadmissible and for impeachment purpose only?
>
> 2) Could inadmissible text message evidence admitted to the Appellant's trial establish further the relation, relevancy, and admissibility of his after-discovered evidence?
>
> 3) Was PCRA counsel's assistance ineffective?

Appellant's post-remand brief at 6 (unnecessary capitalization and articles omitted, apostrophes added, spelling corrected).

We begin with a review of the governing legal precepts. "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

As an initial matter, we observe "that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief." *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa.Super. 2022). Any PCRA petition must be filed within one year of when the underlying judgment of sentence became final unless it alleges and offers to prove that the claim raised therein: (1) was not raised earlier due to governmental interference; (2) is based upon newly-discovered facts that could not have been uncovered earlier through the exercise of due diligence; or (3) is founded upon a newly-recognized, retroactively-applicable constitutional right. *See* 42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

As noted, Appellant's judgment of sentence became final in 2019 and the instant petition was filed in 2022. The PCRA court made no ruling on the timeliness of the petition, but appears to have accepted PCRA counsel's

- 7 -

assessment that the petition was filed within one year of Appellant discovering, upon the exercise of due diligence, the fact that members of the York County Drug Task Force were discharged for misconduct. *See* Petition to Withdraw, 6/6/22, at ¶¶ 24-32, Exhibits A-B.

On appeal, the Commonwealth contends that Appellant's petition was untimely because he failed to specifically plead and prove that an exception applies. *See* Commonwealth's brief at 20-21. The Commonwealth further asserts that Appellant did not establish an adequate connection between the new facts that he discovered and his substantive after-discovered evidence claim, which is, in any event, supported by inadmissible hearsay. *Id*. at 22-23.

We are not persuaded that the PCRA court erred in treating Appellant's petition as timely pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). Appellant expressly invoked that provision in his *pro se* petition. *See* PCRA Petition, 1/21/22, at 3. He attached a March 26, 2019 newspaper article from the York Daily Record reporting on the aggressive civil asset forfeiture procedures of the York County Drug Task Force that had prompted his subsequent inquiries. He detailed and documented in his accompanying memorandum of law, and in a self-titled "diligence timeline" and copies of correspondence appended thereto, his efforts to learn of Sergeant Bruckhart's discharge through information and records requests to multiple government agencies and appeals from their denials.

This culminated in his discovery by correspondence mailed to him in February 2021 that Sergeant Bruckhart had been discharged because "[t]here had been some problems amongst the personnel" and "an incident had occurred." *Id*. at Exhibit 25 (email from Beth A. Jacobs, Open Records Officer for the West Manchester Township Police Department, to Ryan Liggitt, Pennsylvania Office of Open Records Appeals Officer). He then filed instant PCRA petition less than one year later, alleging that the new information entitled him to a new trial. This scenario supports application of the newly-discovered-facts timeliness exception. *Accord Commonwealth v. Blakeney*, 193 A.3d 350, 362 (Pa. 2018) (holding exception was satisfied where the petitioner exercised due diligence in discovering the content of offensive emails associated with a jurist of our Supreme Court and his promptly-filed claim of judicial bias had a sufficient nexus with the new facts). Accordingly, we turn to whether the PCRA court erred in rejecting Appellant's substantive claims.

Appellant's first two questions concern the PCRA court's conclusion that he failed to establish a meritorious claim of after-discovered evidence. In this vein, our High Court has observed:

> In order to be granted a new trial based on an after discovered evidence claim a [d]efendant must show the evidence: (1) has been discovered after trial and could not have been obtained at or prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted.

***Commonwealth v. Perrin***, 291 A.3d 337, 340 n.3 (Pa. 2023) (some punctuation marks added). "After-discovered evidence is 'peculiarly' a question in the trial court's discretion, because that court is uniquely positioned and qualified to appraise the reliability of the original trial and the proposed evidence's impact upon it." ***Commonwealth v. Felder***, 247 A.3d 14, 19 (Pa.Super. 2021).

Here, the PCRA court ruled that Appellant satisfied the first two prongs of the test, but not the last two. Specifically, the court found that, although the evidence of Sergeant Burkhart's discharge could not have been discovered earlier and was not cumulative of other evidence, it would be solely used for impeachment purposes and was not likely to result in a different verdict at a new trial given all the other evidence against Appellant. ***See*** PCRA Court Opinion, 8/25/23, at 11-12.

Appellant argues that "his after-discovered evidence of the officers' dismissals surrounding untruthful misconduct, is admissible impeachment evidence" tending to show the officers were corrupt. Appellant's brief at 9-10 (some capitalization and punctuation altered). He maintains that the evidence is not only admissible to impeach Sergeant Bruckhart, but also "to attack the veracity of [his] incident report, witnessed only by Trooper Wolfe and Trooper Dembowski whom [*sic*] had also been dismissed a[long]side Sgt. Bruckhart," thus supporting Appellant's claim that the evidence against him was falsified. ***Id***. at 13. He further contends that, since this Court held on his direct appeal

that the text message evidence was erroneously admitted, the quantum of evidence against him is no longer so great that it is clear that a new trial would result in the same verdict. *Id*. at 14-16.

The Commonwealth responds by reasserting that Appellant has proffered no actual admissible evidence to support his claim, let alone evidence that would do more than impeach. *See* Commonwealth's brief at 27. It argues that the instant case is akin to *Commonwealth v. Griffin*, 137 A.3d 605 (Pa.Super. 2016), in which the Superior Court reversed the grant of a new trial under similar circumstances. We agree.

In *Griffin*, the defendant was arrested after Philadelphia police conducted surveillance and controlled buys through a confidential informant, and thereafter obtained and executed a search warrant. He was convicted following a trial at which Officer Stephen Dmytryk testified. Griffin filed a post-sentence motion raising a claim of after-discovered evidence founded upon: (1) a recently unsealed federal indictment charging several Philadelphia police officers with racketeering, which included an allegation that officer "S.D." falsified a report against an unrelated defendant; (2) the unrelated defendant's civil rights complaint against Officer Dmytryk alleging that the officer obtained a search warrant through false allegations; and (3) a newspaper article reporting on the accusations against Officer Dmytryk. *Id*. at 607. Following a hearing, the trial court granted Griffin a new trial, and the Commonwealth appealed.

- 11 -

The Commonwealth argued that no new trial was warranted because Griffin proffered no actual evidence, only allegations of misconduct unrelated to Griffin's case that would not be admissible at a new trial, that the information would be used for impeachment only, and that the result would not likely be different because there were multiple officers involved. *Id*. at 609. Griffin countered that the new information would not be solely for impeachment, but also used to compel the identity of the confidential informant, and that a new verdict was indeed likely to result. *Id*.

This Court held that the trial court erred in granting the new trial because the items proffered by Griffin "[we]re not "evidence" and [we]re, in all events, not relevant [to Griffin's] case." *Id*. First, the accusations in indictments and civil complaints were just that, accusations, not evidence of wrongdoing. Second, the alleged wrongdoing was in an unrelated case that had "nothing to do with [Griffin]'s guilt or innocence and ha[d] no connection to the instant case." *Id*. at 610. Third, newspaper articles are not admissible to prove the facts asserted therein, but may merely "alert a party to the possible existence of evidence." *Id*. (cleaned up). Hence, Griffin had failed to identify any evidence that would be relevant and admissible at his trial. Further, we noted that, even if any of the items were relevant, they would be used solely to impeach Officer Dmytryk or as part of "a fishing expedition" to uncover support for Griffin's claim. *Id*. For an after-discovered-evidence claim to succeed, "there must be actual discovery of actual evidence, not

merely the possibility of such evidence." *Id*. (cleaned up). Accordingly, we reversed the order granting a new trial.

In the case *sub judice*, Appellant has not discovered any relevant evidence that would be admissible for anything but impeachment. Regarding Sergeant Bruckhart, Appellant has information that he was discharged because "[t]here had been some problems amongst the personnel" and "an incident had occurred" *See* PCRA Petition, 1/21/22, at Exhibit 25. Appellant has no evidence what the "incident" was or what "problems" there were, let alone any indication that they had any bearing on his case. The newspaper article that Appellant submitted to the PCRA court, which does not name any member of the York County Drug Task Force, suggests not that Sergeant Bruckhart's discharge related to fabricated evidence of criminal drug activity, but possibly to a pattern of "overzealous forfeiture actions" that amounted to a "shopping spree" in which items were seized based upon their value rather than connection to criminal activity. *Id*. at Exhibit 1. Stated plainly, Appellant's evidence leaves us with mere speculation about whether Sergeant Bruckhart was terminated based upon performance of his job, an interpersonal incident, or something else entirely. What is clear is that Appellant has

- 13 -

established no connection between the cause of Sergeant Bruckhart's discharge and Appellant's case.[1]

As to the other officers who were involved in his case, Appellant has produced even less "evidence," as he has admittedly acquired no information about them. Appellant stated as follows in the memorandum filed along with his petition:

> [Appellant] is caught between a hard place and another hard place. He can't risk being time-barred while waiting to see if the Pennsylvania State Police will comply with the Final Determination by the Office of Open Records that ruled in favor of the Petitioner on appeal. . . . [T]he Pennsylvania State Police refuses to comply with the law and release information concerning the discharge of Troopers Wolfe and Dembrowski. It should also concern the District Attorney's Office and the Court that the West Manchester Township Police Department also refuses to comply with the law and release further information concerning Detective Bruckhart.

Memorandum of Law, 1/21/22, at 31-32.

Hence, Appellant acknowledges that he has no evidence to warrant a new trial, but instead is in the process of searching for it. If his diligent efforts ultimately uncover admissible evidence related to wrongdoing in his case, then he may file a PCRA petition seeking relief promptly after discovering the new

_____

[1] **_Cf. Commonwealth v. Williams_**, 215 A.3d 1019, 1027 (Pa.Super. 2019) (holding after-discovered evidence of officer's misconduct warranted a new trial where the officer who engaged in misconduct was the only one to testify against the defendant at trial, was no longer a witness the Commonwealth was willing to utilize, and another officer who was present during the defendant's arrest swore an affidavit contradicting the disgraced officer's testimony).

evidence. In the meantime, all he has discovered are new facts about officers involved in his case that have alerted him to the possible existence of evidence that could support an after-discovered evidence claim.[2] As such, no relief is due. *See Griffin*, *supra* at 610 (quoting *Commonwealth v. Castro*, 93 A.3d 818, 828 (Pa. 2014) ("There must be actual discovery of actual evidence, not merely the possibility of such evidence." (cleaned up)).

Appellant's remaining claim relates to the performance of PCRA counsel. In particular, he argues that PCRA counsel failed to subpoena documents related to the Drug Task Force officers' misconduct and "specific cell phone data" to prove the falsification of evidence. Appellant's brief at 17. Appellant maintains that PCRA counsel did not participate meaningfully in advancing his position. *Id*.

Appellant's claim of PCRA counsel ineffectiveness was not raised prior to this appeal. However, pursuant to our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id*. at 401. Since, as noted above,

---

[2] Although Appellant claimed in his petition to file an amended Rule 1925(b) statement that he had obtained additional evidence in response to subpoenas, *see* Petition to File Amended 1925(b) Statement, 12/20/22, at ¶ 4, he has not delineated that evidence in his brief or sought remand based upon the acquisition of new evidence.

the PCRA court did not issue Pa.R.Crim.P. 907 notice before dismissing Appellant's petition and granting counsel's request to withdraw, this appeal was his first opportunity to raise the claim.

As such, PCRA counsel's alleged ineffectiveness is properly before us. Consequently, we must next determine whether "the record before the appellate court [is] sufficient to allow for disposition of any newly-raised ineffectiveness claims," or whether we must "remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter." ***Bradley***, ***supra*** at 402.

> To prevail on his claim, Appellant must establish the following elements:
>
> (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

***Commonwealth v. Grayson***, 212 A.3d 1047, 1054 (Pa.Super. 2019) (cleaned up). "The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail." ***Commonwealth v. Davis***, 262 A.3d 589, 595–96 (Pa.Super. 2021).

As we have discussed at length hereinabove, Appellant has failed to establish that there is any relevant, admissible evidence that was or is available by subpoena in this case. Counsel cannot be deemed ineffective for failure to conduct a particular investigation unless the petitioner establishes that the investigation would have yielded a benefit to the defense. ***See***

- 16 -

*Commonwealth v. Bishop*, 266 A.3d 56, 68 (Pa.Super. 2021). *Accord Commonwealth v. Robinson*, 278 A.3d 336, 343 (Pa.Super. 2022) (noting relief is not available for counsel's failure to call a witness unless the petitioner establishes that the witness existed and would have offered beneficial testimony). Since Appellant has no proof that the desired investigation would have produced beneficial evidence, he has not established that PCRA counsel was ineffective in not conducting that investigation.

Appellant's further assertion that PCRA counsel did not participate meaningfully in these proceedings is belied by the certified record. Counsel filed a petition to withdraw as counsel and *Turner*/*Finley* letter detailing her examination of the record and the issues Appellant wished to pursue in his petition. Counsel explained that, although timely, the petition did not merit relief because the facts he had learned about Sergeant Bruckhart did not qualify as admissible after-discovered evidence, but pertained only to impeachment. *See* Petition to Withdraw, 6/6/22, at Exhibits A & B. Hence, counsel did not abandon Appellant to the detriment of the pursuit of a meritorious petition. Rather, she fulfilled her obligation to the court in the face of claims unsupported by the facts and law. *See Turner*, *supra* at 928-29 (explaining that a petitioner's right to counsel is fulfilled when counsel files a no-merit letter detailing the nature and extent of her review, explains why each issue the petitioner wishes to raise is meritless, and the court concurs after an independent review).

Therefore, the record before us demonstrates that Appellant's *Bradley* claims must fail, and no remand is necessary. Furthermore, Appellant has failed to convince us that the PCRA court erred in dismissing his petition for lack of merit. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/16/2024